Matthew E. Kennedy, Esq. (#017602007)
**LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.**
7 Ridgedale Avenue
Cedar Knolls, NJ 07927
Phone: 973-539-2090
Fax: 973-539-0806
E-Mail: mkennedy@lbmblaw.com
Attorneys for Defendant/Third-Party Plaintiff Milestone Metals, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINA FLORES,<br><br>                                              Plaintiff<br>-v-<br><br>PARADISE TRIPS. LLC, JAMES JOHNS, RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, ESTHER KUBROCK DUBOSQUE, OEG BUILDING MATERIALS, INC., MILESTONE METALS, INC., JOHN DOE 1 – 10 (fictitious Name), ABC CORP. 1 – 10 (fictitious Name)<br><br>                                              Defendants | Civil No.: 2:23-cv-22894-EP-JBC<br><br>CIVIL ACTION<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF MILESTONE METALS, INC.'S THIRD-PARTY COMPLAINT AGAINST OATES METAL DECK & BUILDING PRODUCTS, INC.** |
| MILESTONE METALS, INC.<br><br>                               Third-Party Plaintiff<br>-v-<br><br>OATES METAL DECK & BUILDING PRODUCTS, INC., JOHN DOE 1–10 (fictitious names), and ABC CORP. 1 – 10 (fictitious Name)<br><br>                               Third-Party Defendants | |

Defendant/Third-Party Plaintiff MILESTONE METALS, INC. ("Third-Party Plaintiff"), by way of a Third-Party Complaint against Third-Party Defendant OATES METAL DECK & BUILDING PRODUCTS, INC. ("Third-Party Defendant"), says:

## PARTIES

1. Third-Party Plaintiff is a Texas corporation with a principal place of business located at 113 W. Lorino Street, Houston, Texas.

2. Upon information and belief, Third-Party Defendant is a Texas corporation with a principal place of business located at 450 Preston Rd., Pasadena, TX 77503.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiff and the defendants in the underlying Complaint are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of fees and costs.

5. While there is not complete diversity between Third-Party Plaintiff and Third-Party Defendant, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Third-Party Plaintiff's claims against Third-Party Defendant are so related to claims in the underlying action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and/or that they share a common nucleus of operative fact with Plaintiff's claims against Third-Party Plaintiff that invoked federal subject matter jurisdiction in the underlying Complaint.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PROCEDURAL HISTORY

7. On March 16, 2024, the underlying plaintiff CHRISTINA FLORES filed a Second Amended Complaint alleging that she was injured in a motor vehicle accident or about March 29, 2022 while seated in a lawfully parked on Bergen Turnpike in the Township of North Bergen, County of Hudson and State of New Jersey. A true and correct copy of Plaintiff's filed Second Amended Complaint is attached as **Exhibit A.**

8. Plaintiff's Second Amended Complaint asserted, among other claims, claims of vicarious liability and negligent actions/negligent selection against Third-Party Plaintiff.

9. On April 19, 2024, Third-Party Plaintiff filed its Answer to the underlying plaintiff CHRISTINA FLORES filed a Second Amended Complaint. A true and correct copy of Third-Party Plaintiff's filed Answer to Plaintiff's Second Amended Complaint is attached as **Exhibit B**.

10. Pursuant to Fed. R. Civ. P. 14(a)(1), Third-Party Plaintiff is permitted to file this Third-Party Complaint against Third-Party Defendant without leave of court because it is being filed less than 14 days after Third-Party Plaintiff served its original Answer on April 19, 2024.

## FACTS

11. Third-Party Plaintiff ordered metal decking from Third-Party Defendant prior to the March 29, 2022 accident alleged in the underlying plaintiff's Complaint.

12. Upon information and belief, Third-Party Defendant ordered the metal decking in question from defendant OEG BUILDING MATERIALS, INC.

13. Upon information and belief, Third-Party Defendant was responsible for having the metal decking in question shipped from defendant OEG BUILDING MATERIALS, INC.'s facility located in New Jersey to Third-Party Plaintiff's facility located in Texas.

14. Upon information and belief, the accident described in the underlying plaintiff CHRISTINA FLORES' Second Amended Complaint occurred while the metal decking in question was being transported.

## COUNT ONE
(Contribution)

15. At the time and place mentioned in Plaintiff's Second Amended Complaint, the damages allegedly sustained by Plaintiff resulted solely from the negligence of the aforementioned Third-Party Defendant, and responsibility therefore, is upon said Third-Party Defendant, or, if there was any negligence on the part of Third-Party Plaintiff, which is denied, the negligence of said Third-Party Defendant was a major contributing factor therein and thus Third-Party Defendant is jointly liable with Third-Party Plaintiff.

16. By reason of the negligence of Third-Party Defendant, and pursuant to the Joint Tortfeasors Contribution Law and the Comparative Negligence Law, Third-Party Plaintiff is entitled to recover from said Third-Party Defendant a proportionate share of all that Plaintiff may recover.

**WHEREFORE**, Third-Party Plaintiff demands judgment for contribution from Third-Party Defendant for all such sums as may be found due against Third-Party Plaintiff in favor of Plaintiff, together with counsel fees and costs of suit.

## COUNT TWO
(Common Law Indemnification)

17. Third-Party Plaintiff repeats and re-alleges each and every paragraph set forth above as if fully repeated herein.

18. Third-Party Plaintiff, while denying negligence, asserts that the negligence, if any, was that of said Third-Party Defendant, and that the liability of Third-Party Plaintiff, if any, was of a derivative or secondary nature, and the liability of Third-Party Defendant was of a primary character,

thus giving rise to a duty on the part of Third-Party Defendant to hold Third-Party Plaintiff harmless and indemnify Third-Party Plaintiff from any loss herein.

**WHEREFORE**, Third-Party Plaintiff demands judgment for common-law indemnification from Third-Party Defendant for all such sums as may be found due against Third-Party Plaintiff in favor of Plaintiff, together with counsel fees and costs of suit.

### COUNT THREE
(Allocation)

19. Third-Party Plaintiff repeats and re-alleges each and every paragraph set forth above as if fully repeated herein.

20. Third-Party Plaintiff will seek an allocation of the percentage of negligence, fault, or breach of contractual duty by the fact finder against any settling third-party defendant(s). We will see this allocation whether or not we have formally filed a cross-claim and will rely upon the examination and cross-examination of Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation, at our discretion.  This demand is made, without limitation, pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

21. Furthermore, Third-Party Plaintiff hereby advises that Third-Party Plaintiff intends to seek an allocation of the percentage of negligence by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the happening of the accident whether or not such tortfeasors have been joined as parties to this action. This shall constitute Third-Party Plaintiff's "fair and timely" notice of such intention to all parties, pursuant to the principles set forth in Young v. Latta, 123 N.J. 584 (1991); Bolz v. Bolz, 400 N.J. Super. 154 (App. Div. 2008); Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017); Krzykalski v. Tindall, 232 N.J. 525, 539 (2018), Maison v. NJ Transit Corp., 460 N.J. Super. 222, 230 (App.

Div. 2019), and/or similar cases interpreting the Comparative Negligence Act (<u>N.J.S.A.</u> 2A:15-5.1 et seq.) and the Joint Tortfeasor Contribution Law (<u>N.J.S.A.</u> 2A:53A-1 et seq.)

**WHEREFORE,** Third-Party Plaintiff demand Allocation against all parties herein.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L. Civ. R. 48.1, please take notice that Third-Party Defendant demands a trial by a jury of twelve on all issues.

## DESIGNATION OF TRIAL COUNSEL

Third-Party Defendant is hereby designating MATTHEW E. KENNEDY, ESQ., as trial counsel for Third-Party Defendant.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2, the undersigned hereby certifies that at the time of the filing of this Answer, the matter in controversy is not the subject of any other action pending in any court and/or any pending arbitration or administrative procedure.

I, Matthew E. Kennedy, certify under penalty of perjury that the foregoing is true and correct. Executed on this 25th day of April, 2024 in Cedar Knolls, New Jersey.

    Respectfully submitted,

    **s/ Matthew E. Kennedy**

    Matthew E. Kennedy
    **LEARY, BRIDE, MERGNER**
    **& BONGIOVANNI, P.A**.
    7 Ridgedale Avenue
    Cedar Knolls, New Jersey 07927
    T: 973-539-2090
    F: 973-539-0806
    mkennedy@lbmblaw.com
    *Attorneys for Defendant/Third-Part*
    *Plaintiff Milestone Metals, Inc*.

CC:    All Counsel (Via ECF)