# Exhibit B

Matthew E. Kennedy, Esq. (#017602007)
**LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.**
7 Ridgedale Avenue
Cedar Knolls, NJ 07927
Phone: 973-539-2090
Fax: 973-539-0806
E-Mail: mkennedy@lbmblaw.com
Attorneys for Defendant Milestone Metals, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA FLORES,<br><br>Plaintiff<br><br>-v-<br><br>PARADISE TRIPS. LLC, JAMES JOHNS, RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, ESTHER KUBROCK DUBOSQUE, OEG BUILDING MATERIALS, INC., MILESTONE METALS, INC., JOHN DOE 1 – 10 (fictitious Name), ABC CORP. 1 – 10 (fictitious Name)<br><br>Defendants | Civil No.: 2:23-cv-22894-EP-JBC<br><br>CIVIL ACTION<br><br>**DEFENDANT MILESTONE METALS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendant Milestone Metals, Inc. ("this defendant") by way of Answer to plaintiff CHRISTINA FLORES' Second Amended Complaint, says:

### PARTIES

1. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and leaves Plaintiff to her proofs.

2. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and leaves Plaintiff to her proofs.

3. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and leaves Plaintiff to her proofs.

4. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and leaves Plaintiff to her proofs.

5. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and leaves Plaintiff to her proofs.

6. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and leaves Plaintiff to her proofs.

7. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and leaves Plaintiff to her proofs.

8. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and leaves Plaintiff to her proofs.

9. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and leaves Plaintiff to her proofs.

10. This defendant admits the allegations contained in paragraph 10.

## JURISDICTION AND VENUE

11. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and leaves Plaintiff to her proofs.

12. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and leaves Plaintiff to her proofs.

13. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and leaves Plaintiff to her proofs.

## FIRST COUNT
## NEGLIGENT OPERATION

14. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and leaves Plaintiff to her proofs.

15. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and leaves Plaintiff to her proofs.

16. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and leaves Plaintiff to her proofs.

17. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and leaves Plaintiff to her proofs.

18. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and leaves Plaintiff to her proofs.

19. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and leaves Plaintiff to her proofs.

20. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and leaves Plaintiff to her proofs.

21. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and leaves Plaintiff to her proofs.

22. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and leaves Plaintiff to her proofs.

23. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and leaves Plaintiff to her proofs.

**WHEREFORE**, this defendant demands judgment seeking dismissal of Plaintiff's Second Amended Complaint and any other claims against this defendant with prejudice, together with counsel fees, costs, and all other relief deemed appropriate by the Court.

## SECOND COUNT
## VICARIOUS LIABILITY

24. This defendant repeats the answers to each and every allegation of paragraphs 1-23 as though set forth at length therein.

25. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 25. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and leaves Plaintiff to her proofs.

26. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 26. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and leaves Plaintiff to her proofs.

27. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 27. This defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and leaves Plaintiff to her proofs.

   28. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 28. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and leaves Plaintiff to her proofs.

   29. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 29. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and leaves Plaintiff to her proofs.

   30. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 30. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and leaves Plaintiff to her proofs.

   31. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 31. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 and leaves Plaintiff to her proofs.

WHEREFORE, this defendant demands judgment seeking dismissal of Plaintiff's Second Amended Complaint and any other claims against this defendant with prejudice, together with counsel fees, costs, and all other relief deemed appropriate by the Court.

### THIRD COUNT
### NEGLIGENT ACTIONS/NEGLIGENT SELECTION

32. This defendant repeats the answers to each and every allegation of paragraphs 1-31 as though set forth at length therein.

33. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 33. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 and leaves Plaintiff to her proofs.

34. This defendant objects that this paragraph asserts legal conclusions instead of statements of fact. To the extent a response is required, this defendant denies the allegations against this defendant contained in paragraph 34. This defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 and leaves Plaintiff to her proofs.

WHEREFORE, this defendant demands judgment seeking dismissal of Plaintiff's Second Amended Complaint and any other claims against this defendant with prejudice, together with counsel fees, costs, and all other relief deemed appropriate by the Court.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted against this defendant.

2.  This defendant did not owe a duty to Plaintiff and/or breach a duty to Plaintiff and was not negligent.

3.  While denying fault regarding the subject matter of Plaintiff's Complaint, this defendant states that such fault, if any, did not proximately cause Plaintiff's alleged damages.

4.  Any and all injuries or damages alleged to have been suffered by Plaintiff were caused solely by the comparative and/or contributory negligence of Plaintiff.

5.  Any and all injuries or damages alleged to have been suffered by Plaintiff were caused solely by the negligence of independent third parties or entities over whom this defendant exercised no control and is not otherwise vicariously liable for.

6.  Plaintiff's claims against this defendant are barred or otherwise diminished by the comparative negligence of Plaintiff, co-defendant(s) (if any), and/or third parties (if any) pursuant to the provisions of the New Jersey Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq.)

7.  This action is barred by the applicable Statute of Limitations.

8.  This defendant has not been timely or properly served with process, including the summons and Complaint.

9.  This matter is improperly venued.

10. Plaintiff has failed to join a party without whom the action cannot proceed.

11. Plaintiff has failed to establish personal jurisdiction over this defendant.

12. Plaintiff has failed to mitigate damages.

13. The cause of action alleged in the Complaint is barred by the Entire Controversy Doctrine, *res judicata*, and/or collateral estoppel.

14. Plaintiff is not entitled to recover the damages sought.

15. The cause of action alleged in the Complaint falls within the provision of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq., and this defendant is therefore exempt from tort liability.

16. Plaintiff's claims are barred by reason of Plaintiff's failure to meet the verbal threshold/Limitation on Lawsuit conditions of the applicable insurance policy (if applicable).

17. Plaintiff's claims are barred or limited by the second-injury doctrine and/or seatbelt defense related to Plaintiff's failure to properly use a seatbelt (if any), and thus caused and/or aggravated Plaintiff's injuries.

18. Plaintiffs' claims are barred or limited by the sudden emergency doctrine.

19. The claims against these defendants are barred by the exclusivity provisions of the Workers Compensation Act, including N.J.S.A. 34:15-8.

20. Plaintiff has failed to comply with the requirements of, or establish a claim under, the Punitive Damages Act and is not entitled to a recovery. The claims are limited by the Act as well as this defendant's due process, equal protection, and other rights guaranteed by the Constitution of the State of New Jersey and the Fifth and Fourteenth Amendments to the United States Constitution.

21. This defendant asserts that an award of counsel fees and costs may be sought pursuant to Fed. R. Civ. P. 11 and/or N.J.S.A. 2A:15-59.1 at an appropriate time due to the frivolous nature of this action against this defendant.

22. This defendant incorporates by reference all affirmative defenses asserted by any co-defendant, third-party defendant, or other party in this action, whether such defense was asserted prior or subsequent to this pleading.

23. This defendant reserves the right to assert additional defenses and claims based upon any and all facts, information, and documents exchanged or revealed during the continuing course of discovery and ongoing investigation

## DEMAND FOR ALLOCATION

If any co-defendant settles prior to verdict, this defendant will seek an allocation of the percentage of negligence, fault or breach of contractual duty by the fact finder against the settling co-defendant(s). We will see this allocation whether or not we have formally filed a cross-claim against said co-defendant. We will rely upon the examination and cross-examination of Plaintiff's expert witnesses and any and all other witnesses at the time of trial in support of this allocation, at our discretion. You are apprised of this pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

Furthermore, this defendant hereby advises that it intends to seek an allocation of the percentage of negligence by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the happening of the accident whether or not such tortfeasors have been joined as parties to this action. This shall constitute this defendant's "fair and timely" notice of such intention to all parties, pursuant to the principles set forth in Young v. Latta, 123 N.J. 584 (1991); Bolz v. Bolz, 400 N.J. Super. 154 (App. Div. 2008); Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017); Krzykalski v. Tindal, 2018 N.J. LEXIS 484, and/or similar cases interpreting the Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq.) and the Joint Tortfeasor Contribution Law (N.J.S.A. 2A:53A-1 et seq.)

## CLAIM FOR CONTRIBUTION

This defendant demands Contribution from all parties, plaintiffs, defendants, and third-party defendants herein pursuant to New Jersey Joint Tortfeasors Contribution Act (N.J.S.A.

2A:53A-1, et seq), the New Jersey Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq., including N.J.S.A. 2A:15-5.3) and the applicable case law thereto.

**WHEREFORE**, this defendant demands judgment for Contribution against all parties herein.

### CLAIM FOR COMMON-LAW INDEMNIFICATION

While denying liability to Plaintiff for the accident or occurrence and the resulting damages alleged, if judgment is recovered by Plaintiff against this defendant, it is hereby asserted that this defendant's negligence or liability was merely constructive, technical, imputed or vicarious and that Plaintiff's action and damages arose through the direct and primary negligence or liability of one or more co-defendants.

**WHEREFORE**, this defendant demands judgment for common-law indemnification against all parties herein for the entire amount of damages assessed against this defendant, together with attorney's fees, interest, costs of suit, and all other relief the court deems just.

### ANSWER TO CROSS-CLAIMS

This defendant denies each and every cross-claim made against this defendant by any other party for contribution, common-law indemnification, contractual indemnification, or any other related cause of action.

### DEMAND FOR CERTIFICATION AS TO THE VERBAL THRESHOLD

If Plaintiff is subject to the Limitation on Lawsuit option set forth in N.J.S.A. 39:6A-8, these defendants hereby demands that Plaintiff, within 60 days of the filing of this Answer, provide a certification from a licensed treating physician, or from a board-certified licensed physician to whom Plaintiff were referred by the treating physician, stating, based upon objective clinical evidence, that Plaintiff suffered an injury as described in the statute.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L. Civ. R. 48.1, please take notice that this defendant demands a trial by a jury of twelve on all issues.

## DESIGNATION OF TRIAL COUNSEL

This defendant is hereby designating MATTHEW E. KENNEDY, ESQ., as trial counsel for this defendant.

## REQUEST FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, this defendant hereby demands that Plaintiff furnish this defendant with a written statement of the amount of damages claimed within fourteen days.

## REQUEST FOR DISCLOSURE OF THIRD-PARTY LITIGATION FUNDING

Pursuant to L. Civ. R. 7.1.1, this defendant hereby demands that Plaintiff, within the time period set forth in L. Civ. R. 7.1.1, file a statement (separate from any pleading) containing the following information regarding any person or entity that is not a party and is providing funding for some or all of the attorneys' fees and expenses for the litigation on a non-recourse basis in exchange for (1) a contingent financial interest based upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal or bank loan, or insurance:

1. The identity of the funder(s), including the name, address, and if a legal entity, its place of formation;

2. Whether the funder's approval is necessary for litigation decisions or settlement decisions in the action and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval; and

3. A brief description of the nature of the financial interest.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2, the undersigned hereby certifies that at the time of the filing of this Answer, the matter in controversy is not the subject of any other action pending in any court and/or any pending arbitration or administrative procedure.

I, Matthew E. Kennedy, certify under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of April, 2024 in Cedar Knolls, New Jersey.

Respectfully submitted,

s/ Matthew E. Kennedy

Matthew E. Kennedy
**LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A**.
7 Ridgedale Avenue
Cedar Knolls, New Jersey 07927
T: 973-539-2090
F: 973-539-0806
mkennedy@lbmblaw.com
*Attorneys for Defendant Milestone Metals, Inc.*

CC: All Counsel (Via ECF)