**LAW OFFICES OF JAMES H. ROHLFING**
**D. SCOTT CONCHAR, ESQ.**
**445 South Street, Suite 200**
**Morristown, NJ  07960**
**Mailing Address: P.O. Box 2903**
**Hartford, CT  06104-2903**
**E-mail:  dconchar@travelers.com**
**973-631-7300**
**Attorney for Defendant, OEG Building Materials, Inc.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA FLORES,<br><br>    Plaintiff,<br><br>    vs.<br><br>PARADISE TRIPS, LLC, JAMES JOHNS, RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, ESTHER DUBROCK DUBOSQUE, OEG BUILDING MATERIALS, INC., MILESTONE METALS, INC., JOHN DOE 1-10 (fictitious name), ABC CORP. 1-10 (fictitious name),<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-22894-EP-JBC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSSCLAIMS and JURY DEMAND** |

Defendant, OEG Building Materials, Inc. ("OEG"), doing business at 6001 Bordentown Avenue, Sayreville, New Jersey, in response to the Second Amended Complaint of Plaintiff, states:

### AS TO PARTIES

1.      OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 1 and therefore must deny same and leave Plaintiff to her strict proofs.

2.      OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 2 and therefore must deny same and leave Plaintiff to her strict proofs.

3. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 3 and therefore must deny same and leave Plaintiff to her strict proofs.

4. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 4 and therefore must deny same and leave Plaintiff to her strict proofs.

5. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 5 and therefore must deny same and leave Plaintiff to her strict proofs.

6. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 6 and therefore must deny same and leave Plaintiff to her strict proofs.

7. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 7 and therefore must deny same and leave Plaintiff to her strict proofs.

8. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 8 and therefore must deny same and leave Plaintiff to her strict proofs.

9. OEG admits the allegations of paragraph 9.

10. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 10 and therefore must deny same and leave Plaintiff to her strict proofs.

## AS TO JURISDICTION AND VENUE

11. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 11 and therefore must deny same and leave Plaintiff to her strict proofs.

12. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 12 and therefore must deny same and leave Plaintiff to her strict proofs.

13. OEG admits the allegations of paragraph 9.

## AS TO FIRST COUNT
## NEGLIGENT OPERATION

14. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 14 and therefore must deny same and leave Plaintiff to her strict proofs.

15. OEG makes no answer to the allegations contained in paragraph 15 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

16. OEG makes no answer to the allegations contained in paragraph 16 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

17. OEG makes no answer to the allegations contained paragraph 17 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

18. OEG makes no answer to the allegations contained paragraph 18 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

19. OEG makes no answer to the allegations contained paragraph 19 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

20. OEG makes no answer to the allegations contained paragraph 20 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

21. OEG makes no answer to the allegations contained paragraph 21 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

22. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 22 as same do not refer to them.  To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

23. OEG is without sufficient knowledge to form a belief as to the truth of the allegations of paragraph 23 as same do not refer to them. To the extent these allegations are meant or designed to apply to OEG, then they are denied, and Plaintiff is left to her strict proofs.

## AS TO SECOND COUNT
## VICARIOUS LIABILITY

24. In response to the allegations of paragraph 24, OEG repeats each of its above answers to the allegations of paragraphs 1 through 23, as if set forth at length herein.

25. In response to the allegations of paragraph 25, OEG admits only that it was the shipper of the goods being transported at the time of the accident alleged. The remaing allegations contained in paragraph 25 contain legal conclusions, to which no response is required. To the extent these allegations infer or imply some liability or wrongdoing on behalf of OEG, the same are denied and Plaintiff is left to her strict proofs.

26. OEG denies the allegations contained in paragraph 26.

27. OEG denies the allegations contained in paragraph 27.

28. OEG denies the allegations contained in paragraph 28.

29. OEG denies the allegations contained in paragraph 29.

30. OEG denies the allegations contained in paragraph 30.

31. OEG denies the allegations contained in paragraph 31.

## AS TO THIRD COUNT
## NEGLIGENT ACTIONS/NEGLIGENT SELECTION

32. In response to the allegations of paragraph 22, OEG repeats each of its above answers to the allegations of paragraphs 1 through 31, as if set forth at length herein.

33. OEG denies the allegations contained in paragraph 33.

34. OEG denies the allegations contained in paragraph 34.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff fails to state a claim on which relief can be granted.

2. The Plaintiff's claims are barred or otherwise limited by the provisions of the law providing for comparative negligence, *N.J.S.A.* 2A:15-5.1, *et seq.*

3. Where service has been made upon other than OEG, any recovery shall be limited to the available insurance coverage, if any.

4. The alleged damages were caused by an intervening, superseding action for which OEG is in no way liable, and as a result, Plaintiff is therefore not entitled to recover from OEG in this action.

5. There is a lack of jurisdiction over OEG by reason of insufficiency of process and insufficiency of service of process and they therefore reserve the right to move for dismissal of the complaint.

6. The court lacks jurisdiction over the subject matter of this action and OEG reserves the right to move for dismissal of the complaint.

7. The Plaintiff is barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, rule, regulation or contract upon which it is predicated.

8. The incident and injury complained of was caused by the failure of Plaintiff to exercise reasonable and ordinary care, caution or vigilance.

9. OEG neither owed nor breached any duties to Plaintiff whether based upon statute, rule, standard or common law.

10. No action or omission by OEG was a proximate or legal cause of Third-Party Plaintiff's alleged damages.

11. The claims for injuries or damages set forth in the Complaint were caused by the negligence or other tort or contractual liability of third parties over whom OEG had no control and for whom it was not responsible.

12. Plaintiff's claims are barred because the accident in question or alleged damages were caused or contributed to by conditions over which OEG had no control and for which it was not responsible.

13. OEG claims credit for all collateral sources from which the Plaintiff has or shall receive benefits pursuant to *N.J.S.A.* 2A:15-97.

**WHEREFORE**, Defendant, OEG Building Materials, Inc., demands judgment dismissing the Complaint and awarding costs of suit, attorney's fees and such further relief as this Court deems just.

## CROSS CLAIMS FOR CONTRIBUTION

1. While in no way admitting negligence or responsibility or liability to the Plaintiff, OEG asserts that if it is found to be negligent, such negligence is joint and several with that of the negligence, breach of warranty (express and implied) and/or strict liability of Defendants, Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., Paccar, Inc., Paccar Leasing Corporation, Esther Kubrock Dubosque, Milestone Metals, Inc., all John Doe individuals and/or business entities as well as any other parties added as defendants or third-party defendants in this matter.

**WHEREFORE**, Defendant, OEG Building Materials, Inc., demands contribution from Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., Paccar, Inc., Paccar Leasing Corporation, Esther Kubrock Dubosque, Milestone Metals, Inc., all John Doe individuals and/or business entities as well as any other parties added as defendants or third-

party defendants in this matter, under the Joint Tortfeasor's Contribution Act, *N.J.S.A.* 2A:53A-1, *et seq.* and under the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1.

## CROSS CLAIM FOR INDEMNIFICATION

1. While denying liability to the Plaintiff for the damages alleged, if judgment is recovered by the Plaintiff against OEG, it is hereby asserted that their negligence, if any, was not morally culpable, but was merely constructive, technical, imputed or vicarious, and that said plaintiff's damages arose through the direct and primary negligence of Defendants, Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., Paccar, Inc., Paccar Leasing Corporation, Esther Kubrock Dubosque, Milestone Metals, Inc. all John Doe individuals and/or business entities as well as any other parties added as defendants or third-party defendants in this matter.

2. Accordingly, the above-named persons and entities are obligated by operation of law, contract and otherwise to indemnify OEG, and hold it harmless from any or all claims which are the subject of this lawsuit.

**WHEREFORE**, Defendant, OEG Building Materials, Inc., hereby demands judgment against Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., Paccar, Inc., Paccar Leasing Corporation, Esther Kubrock Dubosque, Milestone Metals, Inc., all John Does as well as any other party that may be later added as a defendant or third party defendant, in the amount of all damages for which they may be found liable, costs of suit, attorney's fees and such further relief as this Court deems just.

## ANSWER TO CROSSCLAIMS AND COUNTERCLAIMS

OEG the allegations of any and all Crossclaims and Counterclaims filed or to be filed by any party to this action as they may relate to them.

**WHEREFORE**, Defendant, OEG Building Materials, Inc., demands judgment dismissing all Crossclaims and Counterclaims with prejudice and awarding attorney's fees, costs of suit and such further relief as this Court deems just.

### REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any defendant settles prior to verdict, OEG, will seek an allocation by the fact-finder of the percentage of negligence against the settling defendant. OEG will seek this allocation, whether or not this defendant has formally filed a cross-claim against the settling defendant. OEG will rely upon the direct examination and cross-examination of plaintiff's expert witnesses, and any and all other witnesses at the time of trial, in support of this allocation and specifically reserve the right to call any and all such witnesses. All parties are being apprised of this pursuant to *R.* 4:7-5(c) and *Young vs. Latta*, 123 *N.J.* 584 (1991).

### DEMAND FOR DISCOVERY

Defendant, OEG Building Materials, Inc., hereby demands that the Plaintiff and all codefendants provide the disclosures required by F.R.C.P. 26 as soon as practicable.

### DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Cv.R. 8.1, the Plaintiff is hereby requested to furnish a written statement of the amount of damages claimed as to each Count of the Complaint within (10) days.

### DEMAND FOR TRIAL BY JURY

Defendant, OEG Building Materials, Inc., hereby demands a jury trial as to each and every issue in this action.

### DESIGNATION OF TRIAL COUNSEL

Notice is hereby given that D. Scott Conchar is designated as trial counsel in this action.

### NOTICE OF REQUEST TO DISCLOSE

OEG hereby requests that plaintiff provide 60 days' notice of any impending surgery for

plaintiff for purposes of scheduling a pre-surgery examination of plaintiff.  In the event notice is not given prior to surgery, OEG reserves the right to raise an issue of spoliation of evidence.

**NOTICE TO PRESERVE AND MAINTAIN SOCIAL MEDIA EVIDENCE**

PLEASE TAKE NOTICE that Plaintiff is hereby required to preserve and maintain and shall not destroy, delete, alter, modify, or "misplace" any evidence, tangible papers, reports, status updates, wall posts, tweets, blogs, photographs, objects, websites, or other information contained in social networking site accounts, including, but not limited to:  Facebook; Twitter; Instagram; LinkedIn accounts, websites or the like from March 29, 2022 through and including the date of any potential trial of this case.

**LAW OFFICES OF JAMES H. ROHLFING**

Dated:  April 26, 2024          By: *D. Scott Conchar*
                                       D. Scott Conchar (DC9259)