# CRAIG A. SQUITIERI
### ATTORNEY AT LAW
MEMBER OF NEW JERSEY BAR
MEMBER OF NEW YORK BAR

P.O. BOX 222
RIDGEWOOD, NEW JERSEY 07451

TEL: (201) 676-0018
FAX: (201) 535-0807
CRAIG@SQUITIERILAW.COM

May 6, 2024

**VIA ECF**

The Honorable James B. Clark, III
United States District Court of New Jersey
Court Room MLK 2A
50 Walnut Street
Newark, New Jersey 07102

      Re:    **Christina Flores v. Paradise Trips, LLC, et als**
              **Case No.: 2:23-cv-22894-EP-JBC**

Dear Judge Clark:

My office, in conjunction with The Law Offices of Joseph Monaco, jointly represent the Plaintiff, Christina Flores, in the above referenced matter.

I am writing to the Court, in accordance with L. Civ. R. 37.1(a)(1), with regards to an ongoing discovery dispute with defendants Rush Enterprises, Inc., Rush Truck Leasing, Inc., PACCAR Inc. and PACCAR Leasing Corporation, (hereinafter "Defendants"). Specifically at issue is the Defendants responses to paper discovery.

On April 8, 2024, we received responses to Plaintiff's interrogatories (**See Exhibit "A"**) and notice to produce (**See Exhibit "B"**). On April 9, 2024, we sent William Perrelli, Esq. a letter outlining our concerns regarding the April 8, 2024 responses and asked that they be rectified within an additional fourteen (14) days. (**See Exhibit "C"**). Mr. Perrelli, Esq. represents all four Defendants as well as two additional defendants, James Johns and Paradise Trips, LLC, whose discovery is due by May 8, 2024. and has not yet been received.

On April 26, 2024, we received new responses to Plaintiff's interrogatories by defendant PACCAR Inc. and PACCAR Leasing Corporation, (hereinafter "PACCAR") (**See Exhibit "D"**), as well as new responses to Plaintiff's interrogatories (**See Exhibit "E"**) and notice to produce (**See Exhibit "F"**) by defendants Rush Enterprises, Inc. and Rush Truck Leasing, Inc. (hereinafter "Rush").

On April 29, 2024, we once again sent Mr. Perrelli a letter outlining our concerns regarding the new April 26, 2024 responses and invited him to a Zoom meet and confer to resolve. (**See Exhibit "G"**).

On May 2, 2024, my office attempted to meet and confer with Mr. Perrelli. That meeting was not productive. None of the issues outlined in our April 29, 2024 correspondence was resolved.

By way of example, in defendant Rush's response to Plaintiff's notice to produce (**See Exhibit "F"**), in response to demands 1, 3, 4, 5, 6, 8, 11, 12, 13, 14, 18, 30, 32, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, Rush responds by stating "not applicable". This issue was previously brought to Mr. Perrelli's attention in Paragraph 10 of our April 9, 2024 letter (**See Exhibit "C"**) and once again in our April 29, 2024 letter. We advised that we did not know what the defendant meant by "not applicable" as it was non-responsive to the demand. By way of illustration, demand number 1 asked for "[a]ny and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question."

I am available at the Court's convenience.

                                                    Respectfully submitted,

                                                    /s/ Craig A. Squitieri

                                                    Craig A. Squitieri

cc:    William Perrelli, Esq.
         Joseph Monaco, Esq.
         D. Scott Conchar, Esq.
         Matthew E. Kennedy, Esq.