

June 23, 2024

VIA ELECTRONIC FILING

The Honorable James B. Clark, III
United States District Court of New Jersey
50 Walnut Street - Court Room MLK 2A
Newark, New Jersey 07102

                                                      **Re:**     **Flores v. Paradise Trips, LLC, et al**
                                                                           **Case No.: 2:23-cv-22894-EP-JBC**

Dear Judge Clark:

       The parties are submitting this joint status letter pursuant to the Court's June 4, 2024 Order. In compliance with the June 4, Order, we met and conferred again on June 17, 2024. Some of the issues were resolved by Consent Order submitted herewith as **Exhibit "A"** for consideration. Plaintiff is respectfully requesting that the Court enter this Consent Order so there is a hard deadline for the defense's proper responses – including supplemental responses due June 24, 2024 and the signed interrogatory responses from defendant James Johns, the truck driver (and the only defense eyewitness) – due on July 1, 2024. The following addresses the remaining issues and the party's respective positions.

**Plaintiff's Position**

       It is clear from the conduct thus far that Mr. Perrelli's strategy is to obstruct, obscure and delay this litigation as much as possible. Plaintiff recently learned that Mr. Perrelli failed to disclose the broker that made the arrangements for the pick-up/delivery that resulted in the subject collision – despite the clear Order from this Court dated February 21, 2024. When pressed in our two meetings to proffer reasons why they were not willing to provide various items of discovery we were met with non-substantive excuses and ad hominin comments. The same is true for the defendant's position submitted to this Court.

       First, Mr. Perrelli adds up all of the questions posed to his clients to suggest that the plaintiff's demands are onerous – he fails to highlight that his firm is representing 7 separate and distinct defendants and that the plaintiff served largely the same demands on each of his 7 clients. Second, the demands were served in March and counsel waited until the submission of his position statement to the Court to even mention (set aside move for a protective order) the number of demands or that his firm with 13 national offices and dozens of attorneys were "overwhelmed" – this "objection" is therefore waived under F.R.C.P 33 & 34.

800 KINDERKAMACK ROAD, SUITE 202 SOUTH, ORADELL, NJ 07649
TELEPHONE (201) 210-8546  FACSIMILE (646) 807-4749
EMAIL jmonaco@monaco-law.com

*Admitted to Practice in NY & NJ*

Second, Mr. Perrelli seemingly confuses his flippant comment that the items we are seeking "simply do not exist" with a formal discovery response on behalf of his clients that conforms with the Rules. As addressed below, Mr. Perrelli repeatedly opted to state that something the plaintiff is seeking is "not applicable" instead of affirming that a diligent search has been made and the item is not in the possession, custody or control of his clients.

Third, Mr. Perrelli must be required to specify which document he is providing correlates to which demand. I asked Mr. Perrelli to "bates stamp" his production – he refused stating that he does not extend any "courtesies" to my firm. It should be noted that plaintiff provided the defense with Bates stamped documents and specified the pages responsive to each demand. It is respectfully submitted that FRCP 34(b)(E) required the response be "organized" and "labeled" to correspond to the demand. Mr. Perrelli should not be permitted to engage in "needle in the haystack" discovery – the use of Bates stamping is the most common way for attorneys to organize discovery responses.

Put "simply" if Mr. Perrelli would have provided proper and coherent responses to the plaintiff's discovery demands in the first instance (or agreed to amend/supplement) then this submission would be unnecessary.

**Defendants PACCAR & Rush Interrogatory Responses**

PACCAR did not provide a signature verification for its responses to Interrogatories dated April 26, 2024, in violation of FRCP 33. The verification provided by defense counsel predates this response. The questions and responses are almost identical and addressed together.

In response to Interrogatories 12, 13, 15 & 16, defense counsel raises general objections with no substantive response from the parties. The PACCAR "Response" is annexed as (**Exhibit "B"**). The Rush "Response" to Interrogatories is annexed as **(Exhibit "C")**. Defense counsel refused to provide a substantive response absent a Court Order.

Interrogatory 12 asks "*What does defendant do in the regular course of business to conduct background checks on a potential motor carrier who wishes to lease and/or rent equipment from defendant.*" In response, defendant Rush indicated that "Defendants conduct necessary and required background checks in accordance with the FMCSA." Defendant PACARR offers no answer. Plaintiff is entitled to know specifically what background checks defendant performed on a potential motor carrier who wishes to lease and/or rent equipment from defendants. Defendants' response fails to disclose the relevant actions taken to conduct background checks.

Interrogatory 13 asks "*What background checks did defendant perform of Paradise Trips., LLC and/or James Johns prior to defendant leasing the tractor that was involved in the subject accident on March 29, 2022?*" defendant Rush responded with "See Answer to Interrogatory 12, above." There is no response by defendant PACARR. Again, this responsive fails to disclose the relevant actions taken to conduct background checks.

Interrogatory 15 asks "*State how much money defendant was paid by Paradise Trips, LLC and/or James Johns for the leasing and/or renting of the tractor involved in the subject*

*accident.*" In response, defendants indicated "the request is not reasonably related to information relevant to the subject claim." An objection to the "relevance" of a requested item is not a proper basis for withholding information in the course of discovery. The information sought is relevant to the issue of liability & potential defenses based on the relationship of the parties.

Interrogatory 16 asked "*State what efforts defendant undertook to ascertain whether the trailer that was attached to the tractor that is the subject of this litigation was properly registered with the appropriate governmental agency.*" In response defendants indicates "Defendants take all required and necessary safety measures in accordance with the FMCSA." This is a similar response that Defendants took with responses to Interrogatories 12 and 13. For the same reason, this response is evasive, especially here, where the trailer's registration was expired, which has bearing on issues of defendants' liability.

Interrogatory 18 asked "*With respect to the tractor involved in the incident referred to in the complaint, if you do not admit agency, state: (a) the circumstances under which the tractor came into the possession of the operator; (b) the purpose for which the tractor was being used; and (c) its origin & destination."* Interrogatory 19 asked "*With respect to the tractor involved in the incident referred to in the complaint, if you do not admit control: (a) state the name and address of the one in control of the tractor at the time of the accident; and (b) if control was in another by agreement, state the names and addresses of the parties to the agreement, whether the agreement was oral or written and briefly, the terms of the agreement."* In response to both, the defense states "not applicable" – which is a non-answer. In our meeting, Mr. Perrelli argued that his answer was appropriate because his clients were admitting "agency". We are serving a request for admissions to confirm this issue.

**Rush's April 26, 2024 Response Notice to Produce**

Rushes Response to Notice to Produce is annexed as **(Exhibit "D")**. In response to Demands 1, 3, 4, 5, 6, 8, 11, 12, 13, 14, 18, 30, 32, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52 defense counsel indicates "not applicable". In the interest of brevity, plaintiff addresses these objections *en masse*. The defense must be required to indicate if the requested document exists and/or are being withheld for any reason (FRCP 34). Defense counsel appears to think that he is the arbiter of whether a requested document is "applicable" or relevant to this litigation. There is also a pattern of claiming a document was provided when it simply was not. The issue of whether something was provided can be resolved by properly identifying the responsive document (via Bates stamping).

Demand 22 asks for "Any and all background checks, including but not limited to BASIC scores from the FMCSA, SAFER system reports, that defendant performed regarding Paradise's prior to leasing the Equipment that was involved in the subject accident on March 29, 2022." In response, defendant Rush and PACCAR state "Defendants are not alleging that any equipment utilized by Defendants was defective and/or malfunctioned in any way." First, this response is non-responsive to the demand because the demand seeks documents relating to background checks and the safety rating of the relevant motor carrier Paradise, not about equipment. The fact that Mr. Perrelli still refused to correct the fact that the "response" provided is not to the question

posed only highlights the lack of good faith in this litigation.  Once again, we ask that the documents be produced, Bates stamped and identified with the correct Bates stamp page number.

**PACCAR April 8, 2024 Response Notice to Produce**

As part of the consent Order, defendant PACCAR has agreed to provide a new response to Plaintiff's Notice to Produce to clarify that it's just PACCAR's response.

Assuming that defendant PACCAR's responses remain the same, (**Exhibit "E"**), then in responses to Demands 1, 3, 4, 5, 6, 8, 11, 12, 13, 14, 18, 22, 30, 32, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52 must be correctly answered for the same rationale as defendant Rush, above.

**Defendant's Position**

As you are aware, this office represents Defendants Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., PACCAR Inc., PACCAR Leasing Corporation and Esther Kubrock Dubosque in the above-captioned matter. Please accept this letter as correspondence regarding the current position of Defendants as it relates to discovery in the matter.

Defendants have been served with an excessive volume of discovery requests, including eighty-four (84) Interrogatories and two hundred sixty-two (262) separate demands for production of documents, which are clearly designed to overburden and overwhelm Defendants.

Despite the foregoing, Defendants have zealously worked to provide responses to Plaintiff's demands. As discussed in Defendants' prior correspondence to the Court, while Counsel may be dissatisfied with the results of responses, Defendants have made every effort to respond to the aforementioned demands, including the performance of additional supplemental record searches at the request of Plaintiff. Simply put, Counsel's dissatisfaction stems from a frustration that certain documents sought by Plaintiff simply do not exist.

As previously relayed to the Court, Defense Counsel has been working with in-house Counsel for the aforementioned entities in order to provide a full and complete response to Plaintiff's demands to the best of the abilities of the entities. As a result of those efforts, Defendants anticipate fully responding to the demands of Plaintiff in accordance with the Consent Order entered into between Plaintiff and Defendants intended to partially resolve the current discovery dispute. At this point, after multiple record searches performed by Defendants at the request of Defense Counsel, it is anticipated that each and every document available to Defendants and related to the instant action in any way will be produced to Plaintiff in the upcoming responses.

Based upon the foregoing, Defendants' position as relates to the instant issue is that Defendants anticipate fully complying with the aforementioned Consent Order by the dates specified within the document, as well as producing each and every document available to Defendants and related to the instant action in any way. At that point in time, then, the current dispute will be rendered moot.

Thank you for your time and attention to the matter.

  The attorneys remain available at the Court's convenience to address any questions or concerns.

Respectfully submitted,

| | |
|---|---|
| s/ *Joseph D. Monaco, III* | s/ William Perelli |
| Joseph D. Monaco, Esq. – Plaintiff | William Perelli, Esq. – Defendants |