

THE LAW OFFICES OF
JOSEPH MONACO

July 31, 2024

**VIA ECF**

Hon. James B. Clark, III
United States District Court of New Jersey
Court Room MLK 2A
50 Walnut Street
Newark, NJ 07102

    Re:    **Flores v. Paradise Trips, LLC, et al.**
                **Case No.: 2:23-cv-22894-EP-JBC**

Dear Judge Clark:

       We represent the Plaintiff, Christina Flores in the above-entitled action. Pursuant to Your Honor's prior orders, and as indicated in the June 23, 2024 joint letter (ECF Docket No. 59), Plaintiff previously met and conferred with Defendant's counsel, William Perrelli, Esq. Subsequent thereto, on June 24, 2024, the parties have resolved their dispute regarding the section entitled "PACCAR April 8, 2024 Response Notice to Produce" of the June 23, 2024 joint letter. Please disregard that lone section. However, all other items outlined in the June 23, 2024 joint letter remain outstanding for the August 8, 2024 conference.

       In addition, after the June 23rd joint letter was filed, additional responses to discovery from other defendants represented by Mr. Perrelli were provided to Plaintiff. After meeting and conferring with Mr. Perrelli again on July 11, 2024 with regards to the newly produced discovery, the following items remain in dispute and we request the Court's assistance to resolve them at the August 8, 2024 conference as well:

    1.    Defendant driver, James John's cell phone and other electronic device(s) carrier name and account statements for the relevant time period ("Devise Records") as more fully demanded in Interrogatory 17 (See Exhibit "A") as well as Notice to Produce ("NTP") demand 31, 32 and 50 (See Exhibit "B")

    2.    Defendant driver, James John's Pre-Employment Screening Program Report ("PSP Report") as more fully demanded in NTP demand 33 (See Exhibit "B")

800 KINDERKAMACK ROAD, SUITE 202 SOUTH, ORADELL, NJ 07649
TELEPHONE (201) 210-8546  FACSIMILE (646) 807-4749
EMAIL jmonaco@monaco-law.com

*Admitted to Practice in NY & NJ*

3. Defendant driver, James John's Medical Examiner's Certificate ("ME Cert.") as more fully demanded in NTP demand 19 (See Exhibit "B").

**Plaintiff's Position**

It is clear that defense counsel is simply trying to stifle the free exchange of information in the discovery phase of this litigation with the goal of frustrating the plaintiff to the point that she foregoes information that she is entitled to from the defense. To that end, Mr. Perrelli has refused to provide even basic discovery that is relevant to the case at hand. When pressed at the "meet and confer" his response is simply that he is not giving the requested documentation without a Court Order compelling the disclosure.

The defense position statement offers no substantive reasoning for withholding the discovery. In fact, their position statement in this submission continues the absurd argument about the number of questions to the 7 defendants represented by Mr. Perrelli in this litigation. As discussed below, the position that the defendant does not have to disclose cell phone records because there is no "allegation" of cell phone usage is ridiculous. Likewise, the Medical Examiner Certification is a prerequisite under federal regulations and not a look at the driver's personal medical files. Finally the "argument" that the defendant should not be required to log onto a web site to download the driver's Pre-Employment Screening Program Report does not comport with the rules of discovery.

With respect to Defendant driver, James John's Device Records, this information is relevant and discoverable because as a general matter, a driver's use of a handheld cellular telephone while driving is relevant to the issue of his or her negligence. See O'Toole v. Carr, 345 N.J.Super. 559, 566 (App.Div.2001), aff'd, 175 N.J. 421 (2003) (noting that cell phone use at the time of an accident may constitute negligence giving rise to liability). The use of wireless telephone and electronic communication devices in moving vehicles is contrary to N.J.S.A 39:4-97.3 as well as 49 CFR § 392.80 and 49 CFR § 392.82. If Defendant driver James Johns was on a handheld cell phone either talking on the phone or texting or using any other electronic device, that activity could easily have caused him to be distracted in the operation of his tractor trailer. It also weakens the credibility of his observations.

With respect to Defendant driver, James John's Pre-Employment Screening Program Report, this document consists of relevant and discoverable information pertaining to his driving history and current MCMIS data extract containing the most recent five (5) years' crash data and the most recent three (3) years' inspection information. This document may reveal evidence that supports plaintiff's claims of negligent hiring or retention. Only defendant driver or motor carrier are permitted by regulation to obtain his PSP Report. Defendants' refusal to provide this information, necessitates a Court order compelling its production.

With respect to the Medical Examiner's Certification, this is a document that defendant driver is required by federal regulation to file with the relevant state motor vehicle authority where his CDL has been issued, here Tennessee. See 49 CFR § 391.11 and 49 CFR § 391.41. Failing to comply and maintain these federally mandated regulations also supports Plaintiff's

claims for negligent hiring and retention, among other claims. No person may operate a motor vehicle unless he or she is "physically qualified to drive" by virtue of a medical examination. See 49 C.F.R. § 391.45 (setting forth the medical certification requirements to establish that an individual is physically qualified to drive). The form itself contains no confidential or private information. (See Exhibit "C"). Rather, it is a condition precedent to drive a commercial vehicle in interstate commerce. 49 C.F.R. § 391.11(b)(4).

Pursuant to F.R.C.P 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

In this case, co-defendant motor carrier, Paradise Trips, LLC, the party that retained defendant driver James Johns, utilized an unregistered trailer at the time of the accident. "Under our law, the haulers basic competency included, at a minimum, a valid driver s license, a valid registration certificate, and a valid liability insurance identification card..[w]ithout those, the hauler has no right to be on the road at all. Puckrein v. ATI Transport, Inc., 186 N.J. 563, 574, (2006). It is not inconceivable that a defendant company and driver that would allow an unregistered trailer to operate in this state, would also refuse to hire a driver who has had multiple crashes and a tarnished driving history as maybe reflected in the PSP Report and have no valid medical certificate to operate a tractor trailer.

Defendants have not and cannot raise any plausible basis to dispute their obligation to produce the forgoing outstanding discovery items. Therefore, plaintiff respectfully requests Your Honor order the defendants to produce these items by August 15, 2024.

**Defendant's Position**

As you are aware, this office represents Defendants Paradise Trips, LLC, James Johns, Rush Enterprises, Inc., Rush Truck Leasing, Inc., PACCAR Inc., PACCAR Leasing Corporation and Esther Kubrock Dubosque in the above-captioned matter. Please accept this letter as correspondence regarding the updated position of Defendants as it relates to discovery in the matter.

As the Court is aware, Defendants have zealously worked to provide responses to Plaintiff's demands, despite having been served with an excess of discovery demands which included eighty-four (84) Interrogatories and two hundred sixty-two (262) separate demands for production of documents, which are clearly designed to overburden and overwhelm Defendants.

As previously relayed to the Court, Defense Counsel has been working with in-house Counsel for the aforementioned entities in order to provide a full and complete response to Plaintiff's demands to the best of the abilities of the entities. At this point, Defendants have turned over each and every available document to Plaintiff. Despite the foregoing, Counsel for Plaintiff has raised dissatisfaction with the responses.

  Initially, Counsel had raised issue with the certification to the Answers to Interrogatories on behalf of Ms. Dubosque. Despite the certification being properly made, Defendants have agreed, as a courtesy, to provide another certification to the liking of Counsel.

  The remaining demands, however, are far beyond the scope of discovery. Specifically, Counsel has requested medical records pertaining to Defendants James Johns. Mr. Johns has not put his medical status at issue and the foregoing has no relevance to the instant action. Further, the request is plainly beyond the scope of discovery in this action. Similarly, the demand that Mr. Johns log on to a third-party website to download information for Counsel for Plaintiff is beyond the scope of discovery.

  The balance of the demands pertains to records of electronic use as well as cell phone records. As far as GPS logs, Defendants have already turned over all relevant records. However, as there has been no allegation or indication of any electronic or cell phone use on behalf of Mr. Johns, the demands of Plaintiff are improper, as they go beyond the scope of discovery and are designed to overburden and overwhelm Mr. Johns.

  Outside of the demand for Mr. Dubosque's certification, the demands of Plaintiff not only lack relevancy, but are simply far beyond the scope of discoverable material in the matter. A defendant does not put his or her entire life at issue simply by virtue of being added as a party to a lawsuit. The records requested by Plaintiff plainly go beyond the scope of what is meant for discovery.

  Based upon the foregoing, it can be seen that Defendants have fully complied with proper discovery requests in the matter.

  Thank you for your time and attention to the matter.

  The attorneys remain available at the Court's convenience to address any questions or concerns.


Respectfully submitted,

s/ *Joseph D. Monaco, III*  
  Joseph D. Monaco, Esq. – Plaintiff

s/ William Perelli  
  William Perelli, Esq. – Defendants