UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA FLORES,<br><br>Plaintiff,<br><br>v.<br><br>PARADISE TRIPS, LLC, JAMES JOHNS, RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, ESTHER KUBROCK DUBOSQUE, OEG BUILDING MATERIALS, INC., MILESTONE METALS, JOHN DOE 1-10 (fictitious Name), ABC CORP. 1-10 (fictitious Name),<br><br>Defendants. | DOCKET NO.: 2:23-cv-22894-EP-JBC<br><br>CIVIL ACTION<br><br>**DEFENDANT JAMES JOHNS' ANSWERS TO INTERROGATORIES** |

**TO:   Joseph Monaco Esq.**
**THE LAW OFFICES OF JOSEPH MONACO**
**800 Kinderkamack Road, Suite 202**
**Oradell, New Jersey 08628**

Defendant, James Johns, (hereinafter "Defendant"), by and through his attorneys, Maron Marvel Bradley Anderson & Tardy, LLC, respond to Plaintiff's discovery demands directed to Defendant as follows:

## ANSWERS TO INTERROGATORIES

1. State your speed at the time of the subject collision.

   **RESPONSE:**

   **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and**

without waiving the foregoing objections, Defendant was traveling at approximately 1-2 mph at the time of the subject collision. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.

2. State when (in either distance or time) that you first observed the plaintiff's vehicle.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant observed the vehicle approximately five (5) to ten (10) seconds prior to impact. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

3. State the location of the plaintiff's vehicle in relation to the roadway and/or your vehicle at the time you first observed it.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Plaintiff's vehicle was improperly parked in that it was encroaching from the shoulder of the roadway onto the main road of travel and/or parked so as not to allow sufficient room for vehicles traveling on the roadway to pass by the vehicle at the time of first observation. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

4. State the location of the plaintiff's vehicle in relation to the roadway and/or your vehicle at the time of the collision.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Plaintiff's vehicle was improperly parked in that it was encroaching from the shoulder of the roadway onto the main road of travel and/or parked so as not to allow sufficient room for vehicles traveling on the roadway to pass by the vehicle at the time of the collision. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

5. State the estimated speed of the plaintiff's vehicle at the time you first observed it.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Plaintiff's vehicle was stationary. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

6. State the estimated speed of the plaintiff's vehicle at the time of the collision.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Plaintiff's vehicle was stationary. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

7. State how you contend the collision in question occurred.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Plaintiff's vehicle and the vehicle being operated by Defendant were caused to come into contact with one another due to the improper position of Plaintiff's vehicle along the roadway. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

8. State the name(s) of all persons responsible for the subject collision aside from James Johns.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Defendant further objects to this Interrogatory on the grounds that it is premature as discovery in the matter is still ongoing. Defendant further objects to this Interrogatory as Defendant denies responsibility for the subject collision. Subject to and without waiving the foregoing objections, Christina Flores as well as members of the North Bergen Police Department currently unknown to Defendant. Defendant**

**reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

9. Where were you coming from and where were you going to at the time of the collision (i.e., locations/addresses)?

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, upon information and belief, Defendant recalls having dropped cargo at a specialty wood shop located near the site of the collision, although Defendant is unable to recall the name or address of the aforementioned location. Upon information and belief, Defendant believes that he had been traveling to a location in Sayreville, New Jersey in order to pick up a load of cargo when the collision occurred, although he is unable to recall the name or address of the aforementioned location. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

10. Was there anything distracting you from the task of operating the vehicle at the time of the subject accident? (i.e., Cellphone, GPS, radio, food, beverages etc.)

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, no. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

11. Please identify all relevant information pertaining to training that JAMES JOHNS received from PARADISE TRIPS, LLC, as such relates to tractor trailer operation? (ie., course name, date, and duration of such training).

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant received extensive training throughout the 1990's when Defendant first began operating tractor trailers, the details of which he is unable to recall. Defendant most recently underwent a one (1) week long refresher course on tractor trailer operation and safety in 2017, although he is unable to recall the location of that training. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

12. Set forth the relevant information pertaining to your vehicle operator license for the date of the accident (i.e., state of issuance, license number and license class)

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, see license attached hereto. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

13. Were you acting in the course and scope of your employment with PARADISE TRIPS, LLC at the time of the collision made the basis of this lawsuit?

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, this Interrogatory is improper as it calls for a legal conclusion. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial**.

14. At the time of the accident, set forth the circumstances by which you were operating a vehicle controlled/leased by co-defendant Paradise Trips LLC.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant was operating the subject vehicle pursuant to his status as an independent contractor for Paradise Trips, LLC at the time of the collision.**

15. Please provide all relevant information pertaining to traffic accidents in which you were involved while driving in the course of your work (ie. location, city, county, state) for the 3 years prior to this accident.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, none. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

16. Please provide all relevant information pertaining to traffic violations for which you have been cited and either pled guilty or were found to be guilty (ie. date, city, county, state, offense alleged and ultimate disposition of such citation).

**RESPONSE:**

**Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, none. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial**.

17. Identify the cell phone carrier and the cell phone number for any cell phone used by or issued to JAMES JOHNS during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, the Interrogatory is improper as there has not been any allegation and/or indication of cell phone use at the of the collision.**

18. Please identify all dispatchers/supervisors who communicated with JAMES JOHNS during the time period starting seven days before the wreck and ending the day after the wreck. For each dispatcher, state: a) the dispatcher's name, b) last known address, c) last known telephone number, and d) whether the dispatcher is still employed by any defendant.

    **RESPONSE:**

    **Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections:**

    a) **Defendant recalls communicating with a dispatcher known to him as "Chelly", last name unknown to Defendant;**
    b) **Uknown to Defendant;**
    c) **Unknown to Defendant; and**
    d) **Unknown to Defendant.**

    **Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial**.

19. How did JAMES JOHNS communicate with dispatch and others at PARADISE TRIPS, LLC? That is, did JAMES JOHNS use the telephone, Qualcomm, text messages, or some other method or combination of methods?

    **RESPONSE:**

**Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, via telephone. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial**.