UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA FLORES, | : DOCKET NO.: 2:23-cv-22894-EP-JBC |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : **DEFENDANT JAMES** |
| v. | : **JOHNS' RESPONSE TO** |
| | : **NOTICE TO PRODUCE** |
| PARADISE TRIPS, LLC, JAMES JOHNS, RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, ESTHER KUBROCK DUBOSQUE, OEG BUILDING MATERIALS, INC., MILESTONE METALS, JOHN DOE 1-10 (fictitious Name), ABC CORP. 1-10 (fictitious Name), | |
| Defendants. | |

**TO:** Joseph Monaco Esq.
**THE LAW OFFICES OF JOSEPH MONACO**
**800 Kinderkamack Road, Suite 202**
**Oradell, New Jersey 08628**

Defendant, James Johns, (hereinafter "Defendant"), by and through its attorneys, Maron Marvel Bradley Anderson & Tardy, LLC, respond to Plaintiff's discovery demands directed to Defendant as follows:

## RESPONSE TO NOTICE TO PRODUCE

1. Any and all photographs or videotapes of any vehicle involved in the collision in question.

   **RESPONSE:**

   **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and**

without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant, however, intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.

2. Any and all photographs or videotapes of the scene of the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant, however, intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

3. Any and all photographs or videotapes that you intend to use at trial.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant, however, intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

4. Any and all photographs or videotapes of Plaintiff.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant, however, intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial.**

**Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

5. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiff, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant, however, intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

6. Any and all witness statements or statements made or created by any party. This includes any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, Defendants' agents or employees, and/or any witness.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, see the statements contained within the police report, previously provided to Plaintiff. Defendant did not generate the police report and, therefore, production of same does not constitute an adoptive admission. Additionally, Defendant intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

7. Any and all statements from any Defendant, including its agents or employees, relating to the incident in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, see the statements contained within the**

**police report, previously provided to Plaintiff. Defendant did not generate the police report and, therefore, production of same does not constitute an adoptive admission. Additionally, Defendant intends to rely upon documents and/or information produced by other parties throughout the course of this litigation up to, and including, at the time of trial. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

8. Any and all documents related to JAMES JOHNS's employment with PARADISE TRIPS, LLC. This request includes all personnel files, accident files, driver qualification files, disciplinary records, and other files or documents that JAMES JOHNS maintains or possesses regarding his employment with PARADISE TRIPS, LLC.

   **RESPONSE:**

   **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

9. Any documentation concerning JAMES JOHNS involving disciplinary actions, demerits, reprimands, or incidents during his employment with PARADISE TRIPS, LLC.

   **RESPONSE:**

   **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

10. Any documents related to JAMES JOHNS's employment as a CDL driver for the ten (10) years prior to his employment with PARADISE TRIPS, LLC.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the**

**right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

11. Any documents related to any driving school attended by JAMES JOHNS.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

12. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by JAMES JOHNS at the time of the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

13. Copies of any videos, handbooks, powerpoints, or other training materials related to driving that PARADISE TRIPS, LLC provided to JAMES JOHNS during his employment.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

14. Copies of any worksheets, tests, roadtests, or other materials related to driving completed by JAMES JOHNS during his employment.

    **RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

15. A color copy of the front and back of JAMES JOHNS's current driver's license and any commercial license.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Defendant further objects to this Demand on the grounds that it is premature as discovery in the matter is still ongoing. Subject to and without waiving the foregoing objections, see copy of commercial license attached hereto.**

16. Any and all documents related to the inspection or condition of the vehicle prior to the collision in question. This request includes vehicle condition reports and inspection reports or checklists.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

17. The user manual and maintenance manual for the vehicle driven by JAMES JOHNS at the time of the collision.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

18. Any and all documents regarding any unemployment claim, workers' compensation claim, or any other type of claim filed by JAMES JOHNS relating to his employment with PARADISE TRIPS, LLC.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, not applicable. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

19. A copy of JAMES JOHNS's medical certificate.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant declines to provide a response to the Demand citing privacy concerns. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

20. A copy of the records associated with the physical examination performed for JAMES JOHNS's medical certificate.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant declines to provide a response to the Demand citing privacy concerns. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

21. Any documentation from a medical provider that instructed JAMES JOHNS not to work on the day of the incident or restricted his work duties for medical reasons.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant denies the allegations contained**

**in this Demand and, therefore, to the knowledge of Defendant, no documents responsive to this Demand exist.**

22. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Defendant further objects to this Demand on the grounds that it is premature as discovery in the matter is still ongoing. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

23. Any records or documentation (medical or non-medical) concerning JAMES JOHNS that would indicate whether JAMES JOHNS was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant denies the allegations contained in this Demand and, therefore, to the knowledge of Defendant, no documents responsive to this Demand exist.**

24. Any records or documentation (medical or non-medical) concerning JAMES JOHNS that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant denies the allegations contained**

**in this Demand and, therefore, to the knowledge of Defendant, no documents responsive to this Demand exist.**

25. Any records or documentation (medical or non-medical) that would indicate that JAMES JOHNS was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant denies the allegations contained in this Demand and, therefore, to the knowledge of Defendant, no documents responsive to this Demand exist.**

26. Any and all documents related to the operation or travel of the subject vehicle for the 180 days preceding and including the date of the subject wreck. This request includes trip sheets, fuel receipts, and bills of lading.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

27. All documents relating to reservation of rights, denial of coverage, or non-waiver agreements on the part of any insurance carrier for any of the Defendants with respect to this claim.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

28. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close- out

reports, summaries, or any other documents, and any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant did not anticipate that litigation would result from the subject incident prior to having received notice of the current lawsuit. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

29. Any reports, memoranda, documents, or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

    **RESPONSE:**

    **See Response to Demand No. 28, above.**

30. Any insurance policies that provide, or may provide, coverage for the collision in question.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, the documents requested have been previously provided to Plaintiff by Counsel for Defendant. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

31. Any cell phone bills that would show whether or not JAMES JOHNS was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, the Demand is improper as there has not been any allegation and/or indication of cell phone use at the of the collision.**

32. All cell phone bills and records for any cell phone used by JAMES JOHNS for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, the Demand is improper as there has not been any allegation and/or indication of cell phone use at the of the collision.**

33. A copy of JAMES JOHNS's PSP profile. JAMES JOHNS may obtain a copy of the profile by logging in to: https://www.psp.fmcsa.dot.gov/psp/Public. Plaintiff will reimburse the $10.00 fee for the cost of the record.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant declines to respond to this Demand as the Demand is outside of the scope of discovery.**

34. All incident reports generated by JAMES JOHNS or PARADISE TRIPS, LLC regarding the collision at issue in this lawsuit.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

35. JAMES JOHNS's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any**

**documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

36. All monthly log summary sheets for JAMES JOHNS for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

37. All notice of logging violations for JAMES JOHNS for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Additionally, to the knowledge of Defendant, no such violations or notice of same exist. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

38. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by JAMES JOHNS during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

39. All safety performance history records regarding JAMES JOHNS.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

40. The vehicle accident kit issued to JAMES JOHNS.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

41. Copies of all documents obtained by deposition, interrogatories, or subpoena.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

42. All text messages from JAMES JOHNS to PARADISE TRIPS, LLC and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with PARADISE TRIPS, LLC for the 180 days preceding the wreck, including the day of the subject wreck.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the**

**right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

43. All text messages sent to JAMES JOHNS from PARADISE TRIPS, LLC and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with PARADISE TRIPS, LLC for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

44. All e-mails messages from JAMES JOHNS to PARADISE TRIPS, LLC and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with PARADISE TRIPS, LLC for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

45. All e-mails messages sent to JAMES JOHNS from PARADISE TRIPS, LLC and/or any employee, dispatcher, manager, driver, contractor, safety director, or other person associated with to PARADISE TRIPS, LLC for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

46. All e-mails, text messages, and other communications between JAMES JOHNS and any broker, shipper, or receiver for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

47. For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, all location data stored in the device for the time period for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

48. For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, please produce all data that shows whether any apps were in use during time period for the 180 days preceding the wreck, including the day of the subject wreck.

    **RESPONSE:**

    **Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of any documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

49. For each cell phone, iPad, tablet, or other mobile device present in the tractor at the time of the incident, all data that shows whether JAMES JOHNS was using the device or making any inputs in the device for the 180 days preceding the wreck, including the day of the subject wreck.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Defendant further objects to this Demand on the grounds that it is premature as discovery in the matter is still ongoing. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

50. Please produce any cell phone, iPad, tablet, or other mobile device in the tractor at the time of the crash for a forensic examination and download. THESE ITEMS ARE CRITICAL EVIDENCE. PLEASE DO NOT USE, ALTER, REPAIR, DESTROY, CLEAR/DELETE/ERASE THE HISTORY OR MEMORY, OR OTHERWISE DISPOSE OF ANY OF THESE ITEMS UNTIL PLAINTIFF HAS HAD AN OPPORTUNITY TO INSPECT AND DOWNLOAD DATA FROM THE SAME.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, the Demand is improper as there has not been any allegation and/or indication of electronic use, specifically improper use, at the of the collision.**

51. Any and all drive cam, dash cam, in-cab video, or photographic footage for the day of the subject wreck.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

52. Please produce a copy of JAMES JOHNS's PSP Record from the FMCSA Pre- Employment Screening Program.

**RESPONSE:**

**Defendant objects to this Demand on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to elicit information relevant to this litigation and seeks information to which Plaintiff has equal access. Subject to and without waiving the foregoing objections, Defendant is not in possession of documents and/or information responsive to this Demand. Defendant reserves the right to supplement and/or amend this response in the future as discovery in this matter progresses and, if necessary, at the time of trial.**

                          **MARON MARVEL BRADLEY ANDERSON & TARDY, LLC**

                          /s/ William P. Perrelli

                        William P. Perrelli, Esq.
                        MARON MARVEL BRADLEY ANDERSON & TARDY, LLC
                        Harborside Plaza 10
                        3 Second Street, Suite 202
                        Jersey City, NJ 073011
                        *Attorneys for Defendants*
                        **PARADISE TRIPS, LLC**
                        **JAMES JOHNS**
                        **RUSH ENTERPRISES INC.**
                        **RUSH TRUCK LEASING INC.**
                        **PACCAR INC.**
                        **PACCAR LEASING CORPORATION &**
                        **ESTHER KUBROCK DUBOSQUE**

Date:  June 28, 2024