

THE LAW OFFICES OF

# JOSEPH MONACO

July 31, 2024

<u>VIA ECF FILING</u>

Honorable James B. Clark, III
United States Magistrate Judge
for the District of New Jersey
50 Walnut Street
Newark, NJ 07101

        Re: Flores v. Paradise et al
          <u>Docket # 23 cv 22894-EP-JBC</u>

Dear Magistrate Judge Clark:

  We represent the Plaintiff in this action and respectfully seek leave to file an amended complaint, after the New Jersey two-year statute of limitations has run, to identify Armstrong Transport Group, LLC ("Armstrong") and Oates Metal Deck & Building Products, Inc. ("Oates") as the proper parties in Counts Two and Three of the Complaint, in reliance on N.J. Ct. R. 4:26-4, also known as the fictitious party rule.

## **BACKGROUND**

  On March 29, 2022, while sitting in a parked car in North Bergen, New Jersey, Plaintiff, Christina Flores's automobile was struck by a tractor trailer being operated by Defendant driver James Johns ("Johns"). That collision resulted in Christina Flores requiring a lumbar spinal fusion at L5-S1 and continued pain and discomfort.

  At the time of the collision, Johns, was acting as an alleged independent driver contractor for defendant motor carrier, Paradise Trips, LLC ("Paradise"). North Bergen police arrived on scene and generated a police report which provided only Johns relevant information. (See Exhibit "A"). Pre-action investigations also revealed the identity of defendant Paradise, defendant Esther Kubrosque Duboque ("EKD"), the owner of the trailer attached to the tractor at the time of the collision as well as the principal of Paradise, and the lessors of the tractor being operated by Johns, Rush Enterprises, Inc., Rush Truck Leasing Inc (collectively "Rush"), PACCAR Inc, and PACCAR Leasing Corporation (collectively "PACCAR").

  Pre-action, Plaintiff could not ascertain the identity of any shipper(s), receiver(s) and broker(s) ("Unknown Parties") who may also have been responsible for the negligent

800 KINDERKAMACK ROAD, SUITE 202 SOUTH, ORADELL, NJ 07649
TELEPHONE (201) 210-8546  FACSIMILE (646) 807-4749
EMAIL jmonaco@monaco-law.com

*Admitted to Practice in NY & NJ*

hiring/negligent retention of "incompetent contractors." Specifically, it is alleged that Johns, Paradise and EKD, were incompetent contractors since they attached and allowed an unregistered Texas trailer to the tractor that day that collided with Plaintiff's automobile. Pre-suit, the identity of the Unknown Parties could not be obtained from an internet search.

On December 5, 2023, Plaintiff filed a complaint in this Court, 115 days before the statute of limitations, against the pre-action known defendants, with the hope to obtain the identity of the additional Unknown Parties, if any, through the assistance of the Court before the March 29, 2024 statute of limitations ran. Plaintiff utilized fictitious party pleading as to the Unknown Parties with the designation of either ABC CORPS 1-10 and JOHN DOE 1-10. (See ECF No. 1 - ¶'s 17-25).

On January 23, 2024, the Court issued a scheduling order for the parties to appear in court on March 18, 2024. (See ECF No. 16). Since March 18, 2024, was only 11 days from the March 29, 2024 statute of limitations, on January 25, 2024, counsel for Plaintiff sought an earlier scheduling conference. (See ECF No. 17). In relevant part, the request stated,

> I am writing, with the consent of defense counsel, to respectfully request that the Court accelerate this conference to an earlier date. The reason for the request is that the 2 year statute of limitations expires on March 29, 2024 (my firm was only retained in mid-November 2023 and commenced the lawsuit on December 5, 2023). We are concerned that there are potentially liable parties that need to be added as direct defendants before the filing deadline.

Id.

On January 31, 2024, the Court granted plaintiff's January 25, 2024, request and ordered a new scheduling date for February 15, 2024. (See ECF No. 18). On February 15, 2024, when Mr. Perrelli did not appear for the initial conference that day on behalf of all the then known and named defendants. The Court ordered that the scheduling conference be adjourned to February 21, 2024, as plaintiff's counsel did appear and explained to the court that plaintiff was seeking the identity of the Unknown Parties and that the statute of limitations was quickly approaching. (See ECF No. 26).

On February 21, 2024, the court entered its pretrial scheduling order. (See ECF No. 29). Paragraph 3 of the Order, at plaintiff's request, was added to obtain the identities of the Unknown Parties, if any. Paragraph 3 states,

> Upon consent, Plaintiff may file a Second Amended Complaint to add the broker, if any, the shipper and/or the receiver related to the subject accident by 3/18/2024. Defendants shall advise Plaintiff of the identities of said broker, if any, shipper, and receiver by 3/11/2024.

Id.

On March 11, 2024, William Perrelli, Esq., counsel for Johns, Paradise, Rush and PACCAR, by way of a supplemental disclosure (See Exhibit "B"), advised plaintiff as to the Unknown Parties, as follows

1. Identity of the broker.

Response: Upon information and belief, there has been **no associated broker identified**. **To the knowledge of Defendants, there is not an associated broker.** For greater clarity, see the bill of lading attached hereto.

2. Identity of the shipper.

Response: Upon information and belief, **the associated shipper has been identified as OEG Building Materials**, 6001 Bordentown Avenue, Sayreville, New Jersey 08872. For greater clarity, see the bill of lading attached hereto.

3. Identity of the receiver.

Response: Upon information and belief, **the associated receiver has been identified as Milestone Metals, Inc.**, 113 W. Lorino Street, Houston, TX 77037. For greater clarity, see the bill of lading attached hereto.

Defendants will supplement or correct these disclosures with information subsequently acquired, if, based on that information, it is determined that the above-disclosed information is incorrect or incomplete and if the additional or correct information is not otherwise made known to all other parties during the discovery process or in writing. (Emphasis added).

Id.

The bill of lading as referenced in Mr. Perrelli's March 11, 2024 supplemental disclosure appeared to verify Mr. Perrelli's assertions. (See Exhibit "C"). The Plaintiff was unaware as to what investigation Mr. Perrelli undertook to ascertain the identities of the Unknown Parties.

Based on Mr. Perrelli's March 11, 2024 representations, Plaintiff operated under the belief that there was no associated broker involved in the accident that could be liable for negligent hiring/negligent retention claims, and that the shipper for such claims was OEG Building Materials ("OEG"), of Sayreville, New Jersey and the receiver was Milestone Metals, Inc. ("Milestone") of Houston, Texas.

On March 16, 2024, Plaintiff filed its Second Amended Complaint adding defendants OEG and Milestone as to counts Two and Three of the Second Amended Complaint. (See ECF No. 32). In an abundance of caution, plaintiff once again utilized fictitious pleading as to any

other Unknown Parties with the designation of either ABC CORPS 1-10 and JOHN DOE 1-10. (Id. at Counts Two and Three). Specifically, plaintiff plead as follows regarding additional Unknown Parties,

25.    At all times hereinafter mentioned, defendants…ABC CORPS 1-10 and JOHN DOE 1-10 were motor carriers, hidden motor carriers, container owners, trailer owners, receivers, shippers, brokers, legally responsible by contract and/or regulations and/or applicable law for the trailer and any container being transported or to be transported by defendants RUSH ENTERPRISES, INC., RUSH TRUCK LEASING INC., PACCAR INC., PACCAR LEASING CORPORATION, PARADISE TRIPS, LLC, JAMES JOHNS and ESTHER KUBROCK DUBOSQUE as described in the FIRST COUNT.

26.    At all times defendant JAMES JOHNS was an agent, and/or statutory employee of defendants ABC CORPS 1-10 and JOHN DOE 1-10.

27.    At all times defendant PARADISE TRIPS, LLC was an agent of defendant…ABC CORPS 1-10 and JOHN DOE 1-10.

28.    At all times, defendants… ABC CORPS 1-10 and JOHN DOE 1-10 were responsible for all actions taken by defendants JAMES JOHNS and PARADISE TRIPS, LLC, including compliance or failure to comply with the Federal Motor Carrier Safety Regulations and New Jersey motor vehicle statutes as codified in title 39.

29.    Defendants…ABC CORPS 1-10 and JOHN DOE 1-10 are vicariously liable for defendant JAMES JOHNS.

30.    Defendants… ABC CORPS 1-10 and JOHN DOE 1-10 are vicariously liable for defendant PARADISE TRIPS, LLC.

* * *

33.    At all times hereinafter mentioned, defendants…ABC CORPS 1-10 and JOHN DOE 1-10 were negligent in their actions with regard to the subject transportation, including but not limited to negligent entrustment, negligent maintenance, route selection, selection of a motor carrier, hiring/selecting an independent contractor that was not competent, hiring/selecting a motor carrier who was not competent, hiring/selecting a motor carrier whose trailer that was attached to the tractor at the time of colliding with Plaintiff's vehicle was unregistered, allowing an unregistered truck and/or trailer to operate on the roads, allowing a fraudulent license plate to be attached to the trailer while operating on the roads, selection and screening of drivers including driver qualification requirements under the Federal Motor Carrier Safety Regulations, and conspicuity and marking of the subject container.

Id.

On April 19, 2024, Defendant Milestone answered Plaintiff's Second Amended Complaint. (See ECF No. 40). Thereafter, on April 25, 2024, Milestone filed a third-party complaint against an entity by the name of Oates Metal Deck & Building Products, Inc. ("Oates"). (See ECF No. 43). In that the third-party complaint, Milestone, alleged as follows against Oates,

> 11.    Third-Party Plaintiff ordered metal decking from Third-Party Defendant prior to the March 29, 2022, accident alleged in the underlying plaintiff's Complaint.
>
> 12.    Upon information and belief, Third-Party Defendant ordered the metal decking in question from defendant OEG BUILDING MATERIALS, INC.
>
> 13.    Upon information and belief, Third-Party Defendant was responsible for having the metal decking in question shipped from defendant OEG BUILDING MATERIALS, INC.'s facility located in New Jersey to Third-Party Plaintiff's facility located in Texas.

Id.

Based on Milestone's third-party complaint against Oates, there is now a potential new additional Unknown Party shipper and/or broker that was unknown by Plaintiff and which was not previously disclosed by Mr. Perrelli in his March 11, 2024, supplemental disclosure.

Finally, on July 8, 2024, Defendant OEG responded to Plaintiff's Interrogatories (See Exhibit "D") and served its FRCP 26 statement on Plaintiff. In their answers to Interrogatories, OEG claims that another entity by the name of Armstrong, a North Carolina limited liability corporation, acted as a broker in this transaction. Specifically, OEG claims as follows,

> 2.    Describe all steps Defendant OEG Building Materials, Inc. undertook for performing a review of the qualifications of Paradise Trips, LLC and Esther Kubrock Dubosque to safely ship and deliver loads–including but not limited to corporate status, licensure, driving record, safety record, criminal history, insurance coverage, references, state registration of the Truck and its trailer, and/or reputation.
>
> Our counsel advises that this request is objectionable as vague, vexatious, overly broad and unduly burdensome thereby imposing an unnecessary and unreasonable burden and expense. It is further objectionable to the extent it implies that OEG had any obligation to perform any of the acts described in the interrogatory. Without waiving those objections, **OEG did not take any steps to "review the qualifications of Paradise Trips, LLC and Esther Kubrock Dubosque and do not know what role, if any, they may have with respect to the accident alleged in the Complaint. To the extent they had some connection to the driver, truck and trailer involved in the accident, OEG contacted broker Armstrong Transport Group, LLC to find a carrier to pick upat load at our facility in Sayreville and deliver it to a site in**

**Houston, Texas. Upon information and belief, Armstrong verifies that the driver/carrier are qualified to carry loads**. (emphasis added)

Based on OEG's answers to interrogatories, there is now also a potential new additional Unknown Party broker that was unknown by Plaintiff pre-suit and which was not previously disclosed by Mr. Perrelli in his March 11, 2024 supplemental disclosure.

## DISCUSSION

Plaintiff's various state law claims are premised on different theories of negligence, which are all subject to New Jersey's two-year statute of limitations.[1] However, even though the statute of limitations ran on March 29, 2024, the fictitious party practice rule is a method to add a defendant to a case after the statute of limitations has run. [The f]ictitious-party practice rule renders the initial filing against the identified but unnamed defendant timely in the first instance, subject only to diligent action by the plaintiff to insert defendant's real name." Ortiz ex rel. City of Camden, No. 11-2300, 2013 WL 1811895, at 3 (D.N.J. Apr. 29, 2013) (citing Greczyn v. Colgate-Palmolive, 183 N.J. 5, 17 (2005); and Viviano v. CBS, Inc., 101 N.J. 538, 552 (1986) (explaining the differences between the fictitious party practice rule and the relation back rule, and noting that the requirements of the relation back rule "are not an express prerequisite to recourse to" the fictitious party practice rule)).

As previously noted, Plaintiff's negligence claims are subject to New Jersey's statute of limitations for personal injury, attendant New Jersey procedural rules, and interpreting case law.[2] New Jersey Court Rule 4:26-4 permits plaintiff to amend her complaint to identify the proper party as long as a fictitious party name designation was included for that specific category of defendant. See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 163 N.J. 26, 35 n.1 (2000)) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified potential defendants who may have contributed to plaintiff's injuries."). The Rule states, in relevant part,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such

---

[1] see N.J.S.A. 2A:14-2 (two-year statute of limitations for torts).

[2] New Jersey Court Rule 4:26-4 is applicable in federal court in the circumstances of this case as New Jersey law provides the applicable statute of limitations for the federal claim. See DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4); see also Fed. R. Civ. P. 15(c)(1)(A).

> motion to be accompanied by an affidavit stating the
> manner in which that information was obtained. . . .

N.J. Ct. R. 4:26-4.

There are three elements to the proper application of the fictitious party rule. First, the fictitious name designation must have "an appropriate description sufficient to identify" the defendant. N.J. Rule 4:26-4; Viviano at 548. Second, the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint. DeRienzo at 353 (citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 116 (1973); Claypotch v. Heller, Inc., 360 N.J.Super. 472, 479-480 (App.Div.2003); Mears v. Sandoz Pharms., Inc., 300 N.J.Super. 622, 629-632 (App.Div.1997)). Third, the application of the fictitious party practice rule must not prejudice the defendant. Id.

Here, Plaintiff gave a description sufficient to identify defendants Oates and Armstrong. In all of the previously filed Complaints, inclusive of the March 16, 2024 Complaint, Armstrong and Oates are identified under Counts Two and Three with a fictitious designation of either ABC CORPS 1-10, under various legal theories such as vicarious liability, negligent entrustment, negligent maintenance, route selection, selection of a motor carrier, hiring/selecting an independent contractor that was not competent, hiring/selecting a motor carrier who was not competent, hiring/selecting a motor carrier whose trailer that was attached to the tractor at the time of colliding with Plaintiff's vehicle was unregistered, allowing an unregistered truck and/or trailer to operate on the roads, allowing a fraudulent license plate to be attached to the trailer while operating on the roads, selection and screening of drivers including driver qualification requirements under the Federal Motor Carrier Safety Regulations. It is clear that this description is sufficient as it is clear from the pleading that Plaintiff contemplated the addition of these shippers and brokers, but did not know the identities of the companies in order to specifically name them at time of the initial pleading.

The diligence requirement is a "good faith" effort by a plaintiff to determine the fictitious party's identity, to be determined on a case-by-case basis. See Prystowsky v. TGC Stores, Inc., No. 07-0072, 2011 WL 3516174 at 4 (D.N.J. Aug. 2011); Carroll v. Setcon Industries, Inc., No. 10-04737, 2012 WL 3229159 at 5-6 (D.N.J. Feb. 23, 2012); (Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115 (1973)). A plaintiff need not be tenacious in their quest to identify a fictitious party's identity, nor do they need to exhaust every possible avenue of discovery to be considered sufficiently diligent. Ortiz at 5. Generally, when determining due diligence, courts consider a plaintiff's efforts such as: obtaining publicly available information, conducting depositions of relevant parties, and interviewing witnesses. Carroll at 5-6. Such efforts are generally considered as a calculated attempt to ascertain the identity of the fictitious party. Id. citing Baker v. J.J. De Luca Co., Inc, No. L-1393-06, 2008 WL 4648235, at 1-2, 10 (N.J. Super. App. Div. 2008). As noted in Baker, even when a plaintiff's attorney "could have done more" if the attorney has "[done] enough" the court will find that the required diligence was met. Baker at 9 (quoting Viviano at 556).

Here, Plaintiff was not able to obtain the identity of the Unknown Parties pre-suit. The police report (Exhibit "A") and pre-suit communications with a third-party adjustor did not reveal the identities of the Unknown Parties. As a result, Plaintiff filed its complaint 115 days before the statute of limitations with the hope of getting court intervention before the statute ran to ascertain the identity of the Unknown Parties. (See ECF No. 1). Plaintiff, instead of waiting until March 18, 2024 for the initial scheduling conference, requested an earlier date to ascertain whether "there are potentially liable parties that need to be added as direct defendants before the filing deadline." (See ECF No. 17). When Mr. Perrelli did not appear for the February 15, 2024 conference, plaintiff's counsel requested a date the following week and explained to the court that plaintiff was seeking the identity of the Unknown Parties and that the statute of limitations was quickly approaching. When the scheduling conference finally did occur on February 21, 2024, Plaintiff procured a provision in the February 21, 2024, that mandated disclosure of any brokers, shippers, and receivers by March 11, 2024. (See ECF No. 29). Plaintiff relied on Mr. Perrelli's March 11, 2024 supplemental disclosure when he represented that there was no associated broker involved in the accident that could be liable for negligent hiring/negligent retention claims, and that the shipper for such claims was OEG Building Materials ("OEG"), of Sayreville, New Jersey and the receiver was Milestone Metals, Inc. ("Milestone") of Houston, Texas. (See Exhibit "B"). Plaintiff was extremely diligent in trying to obtain the identities of the Unknown Parties and has done more than "enough" to obtain the identities of the Unknown Parties to pass muster on the due diligence element.

Finally, the third requirement of the application of the fictitious party practice rule, is whether the defendants will be prejudiced by the delay in adding them to the case. Claypotch v. Heller, Inc. at 480. A newly named party suffers some prejudice by being exposed to potential liability, but "the New Jersey courts focus on the loss of evidence/witnesses and impairment of the ability to defend." Williams v. Hurlings, No. 08-3377, 2011 WL 3890976, 5 (D.N.J. 2011). Factors considered in determining whether a defendant is prejudiced by the delay in filing the amendment include "destruction or alteration of evidence after the initial discovery process, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay." DeRienzo at 356. Ultimately, "even though a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run, absent evidence that the lapse of time has resulted in a loss of evidence, impairment of ability to defend, or advantage to plaintiffs, justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." Claypotch at 482 (citations and quotation omitted).

Here, prospective defendant Oates has already been named as a third party defendant in this case. They have already filed an answer to Milestone's third-party complaint and have participated in the ongoing discovery. They cannot legitimately argue that they have been prejudiced.  Similarly, prospective defendant Armstrong cannot claim prejudice in the process as the party depositions have not commenced and we can provide them with the previously exchanged document discovery to bring their counsel up to date in an efficient manner.  There is no known issue with loss of evidence with the current litigants or any impairment of the ability to defend the claims.  Once the documents are exchanged, counsel for Oates and Armstrong will

have the same opportunity to examine witnesses (both parties and non-parties) as the current attorneys in the litigation.  I am annexing a proposed amended complaint (in "redline" format) for the Court's consideration as Exhibit "E".

## CONCLUSION

For the reasons expressed above, Plaintiff respectfully request that the Court grant its Motion for leave to file an Amended Complaint adding proposed defendants Armstrong Transport Group, LLC and Oates Metal Deck & Building Products, Inc. to Counts Two and Three of the Complaint.


Respectfully,

*Joseph D. Monaco, III*

Joseph D. Monaco, Esq.