UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA FLORES, | : |
| Plaintiff, | : Civil Action No. 23-22894 (EP) |
| v. | : |
| PARADISE TRIPS, LLC, et al., | : REPORT & RECOMMENDATION |
| Defendants. | : |

**THIS MATTER** has come before the Court *sua sponte* based upon the failure of Defendant James Johns ("Defendant Johns") to participate in discovery in this matter. For the reasons set forth below, it is respectfully **RECOMMENDED** that the Defendant James Johns's Answer be stricken and default entered against him.[1]

## BACKGROUND

Plaintiff Christina Flores's ("Plaintiff") claims in this matter arise from a motor vehicle accident which occurred on or about March 29, 2022 in North Bergen, New Jersey. *See* Dkt. No. 74, Third Amended Complaint ("TAC"). According to Plaintiff, she was sitting in the driver's seat of a motor vehicle that was "lawfully parked on Bergen Turnpike" when Defendant Johns, the operator of a vehicle owned, in whole or in part, by Defendants Rush Enterprises, Inc., Rush Truck Leasing, Inc., PACCAR, Inc. and PACCAR Leasing Corporation, collided with Plaintiff's vehicle. *Id.* at ¶16-18. Plaintiff alleges that Defendant Johns's employer, Defendant Paradise Trips, LLC, leased the trailer attached to the vehicle Mr. Johns was operating at the time of the subject collision. *Id.* at ¶22. Plaintiff contends that as a result of the subject accident, which was

---

[1] Plaintiff has requested that in addition to striking Defendant Johns's Answer and entering default against him, the Court "preclud[e] the defense from calling [Mr. Johns] as a witness (or using an affidavit from him) in the course of this litigation." Dkt. No. 122 at p. 2. The preclusion of Mr. Johns as a witness in this matter has not been briefed by the parties and would be premature at the present phase of litigation. Accordingly, Plaintiff's request is **DENIED**. Plaintiff may seek to preclude Mr. Johns as a witness in this matter at the appropriate juncture.

caused by Defendants' negligence, she sustained "serious and permanent personal injuries . . . ." *Id.* at ¶25.

Plaintiff filed her initial Complaint in this matter on December 5, 2023. *See* Dkt. No. 1. Plaintiff has amended her pleading on multiple occasions and the Third Amended Complaint is Plaintiff's presently operative pleading. Defendant Johns, represented by counsel, filed an Answer to Plaintiff's Third Amended Complaint on August 20, 2024. *See* Dkt. No. 76.

The Court entered a Pretrial Scheduling Order in this matter on February 21, 2024. *See* Dkt. No. 29. Plaintiff raised her first issue with the sufficiency of discovery responses from Defendant Johns to the Court via letter on May 6, 2024. *See* Dkt. No. 49. In response to Plaintiff's May 6, 2024 letter, counsel for Defendant Johns stated that all responsive documents had been produced. *See* Dkt. No. 51. Plaintiff filed additional letters repeating her assertion that the discovery responses provided on behalf of Defendant Johns were incomplete. *See* Dkt. Nos. 56, 59, 66.

On August 7, 2024, following a telephonic hearing with the parties regarding their discovery disputes, the Court issued an Order requiring Defendant Johns to produce certain discovery. *See* Dkt. No. 71. Plaintiff again wrote the Court on September 12, 2024, claiming that Defendant Johns had not yet produced the discovery required by the Court's August 7, 2024 Order [*see* Dkt. No. 80], in response to which the Court ordered Defendant Johns to produce the subject discovery to Plaintiff by September 23, 2024 [*see* Dkt. No. 81]. Counsel for Defendant Johns submitted a letter to the Court on September 23, 2024 stating that although he had "been in recent contact with Mr. John and [was] working zealously to provide a proper response" to Plaintiff's discovery requests, more time was required to provide discovery responses on behalf

of Defendant Johns. Dkt. No. 84 at p. 1. Plaintiff responded stating her agreement to "an additional 2 weeks" for Defendant Johns to provide discovery responses [*see* Dkt. No. 85] and the Court entered an Order requiring Defendant Johns to produce all relevant discovery by October 9, 2024 [*see* Dkt. No. 86].

On October 9, 2024, the deadline for Defendant Johns to produce the ordered discovery, counsel for Defendant Johns submitted a letter to the Court stating that he had "not been able to make contact with [Defendant] Johns" since October 1, 2024. *See* Dkt. No. 87. On October 29, 2024, the Court entered an Order directing counsel for Defendant Johns to "submit a letter detailing his efforts to contact Defendant Johns and obtain the discovery previously ordered by the Court" by November 1, 2024. *See* Dkt. No. 91. Counsel for Defendant Johns submitted the required letter on November 1, 2024, in which counsel claimed to have been in contact with Defendant Johns and "stressed the importance that Mr. Johns immediately provide all requested documents and information" and requesting additional time to provide the subject discovery. Dkt. No. 92 at p. 1-2.

In light of Defendant Johns's failure to produce the subject discovery over several months or respond to his attorney's communications, the Court issued an Order to Show Cause on November 5, 2024 requiring Defendant Johns to show cause why the Court should not recommended that his Answer be stricken and default entered against him for his failure to meaningfully participate in this matter. *See* Dkt. No. 97. The Order to Show Cause required Defendant Johns and his counsel to appear before the Court in-person on December 2, 2024 and to file a written submission by November 25, 2024. *Id.* Defendant Johns did not file the required

3

written submission or appear before the Court for the December 2, 2024 hearing.[2]

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendant's Personal Responsibility**. In this case it appears that Defendant Johns is solely responsible for his failure to comply with court orders and defend this matter. While Defendant Johns is represented by counsel in this matter, he has repeatedly failed to cooperate in

---

[2] Counsel for Defendant Johns appeared for the December 2, 2024 hearing.

discovery and his communication with counsel appears to be inconsistent at best. Since the issuance of the Court's November 5, 2024 Order to Show Cause, Defendant Johns has made no attempts to resume participation in this matter. As such, this factor weighs against Defendant Johns.

**2. Prejudice to Plaintiff.** The Court finds that manifest injustice would result to Plaintiff if Defendant Johns's Answer is not stricken. Defendant Johns's failure to participate in this action would unduly prejudice Plaintiff, as there is no indication that Defendant Johns intends to resume cooperating in the defense of this matter. Accordingly, this factor weighs in favor of striking Defendant Johns's Answer and entering default against him.

**3. History of Dilatoriness.** Although Defendant Johns responded to Plaintiff's pleadings through his attorney, there is no indication that Defendant Johns has participated in discovery in this matter throughout its pendency. Defendant Johns was given multiple opportunities to produce the discovery ordered by the Court and has repeatedly failed to do so. Defendant Johns also failed to appear for the Order to Show Cause hearing on December 2, 2024. Defendants Johns's failure to participate in this matter supports striking his Answer and entering default against him.

**4. Willfulness or Bad Faith.** The Court will not conclude that Defendant Johns has proceeded in bad faith. However, Defendant Johns's conduct has been willful. Defendant Johns willfully decided not to maintain continuous contact with his counsel, participate in discovery or attend the Order to Show Cause hearing despite being warned of the consequences for failing to do so. These circumstances, when taken as a whole, suggest that Defendant Johns has abandoned his defense of this case and further weigh against him.

**5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, Defendant Johns's refusal to maintain communication with his counsel or to participate in this matter suggests that alternative sanctions would be futile. On the facts as outlined above, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, No. 09–2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Defendant Johns's defenses. Accordingly, the Court will weigh this factor as neutral.

In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendant Johns's Answer and entering default against him. Therefore, the Undersigned respectfully **RECOMMENDS** that the Court strike Defendant Johns's Answer and enter default against him.

## CONCLUSION

In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

IT IS on this 6th day of May, 2025,

**RECOMMENDED** that Defendant Johns's Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2), and default entered against him.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

                                                 s/ James B. Clark, III
                                                 **JAMES B. CLARK, III**
                                                 **United States Magistrate Judge**