NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTINA FLORES,

    Plaintiff,

    v.

PARADISE TRIPS, LLC, *et al.*,

    Defendants.

No. 23cv22894 (EP) (JBC)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Pending before the Court is the report and recommendation of the Hon. James B. Clark, III, U.S.M.J., which recommends that Defendant James Johns's ("Defendant Johns") answer, D.E. 76 ("Answer"), be stricken and default entered against him. D.E. 123 ("R&R"). For the reasons explained below, the Court will **ADOPT** Judge Clark's R&R.

## I.    BACKGROUND

Plaintiff Christina Flores filed her initial complaint on December 5, 2023. D.E. 1. After several rounds of amendments, the now-operative pleading is D.E. 74 ("Third Amended Complaint"). Defendant Johns filed his Answer to the Third Amended Complaint on August 20, 2024.

Soon after the start of discovery, Plaintiff raised, in a letter filed on the docket, Defendant Johns's failure to respond to any discovery requests. *See* D.E. 49. Plaintiff then filed several more letters stating that Defendant Johns had continued to fail to respond to any discovery requests. *See* D.Es. 56, 59, 66.

On August 7, 2024, Judge Clark issued an order requiring Defendant Johns to provide the missing discovery. D.E. 71; R&R at 2. Plaintiff informed Judge Clark on September 12, 2024,

that Defendant Johns had not provided the discovery required by Judge Clark's August 7, 2024, order. D.E. 80; R&R at 2. Judge Clark accordingly ordered Defendant Johns to produce that discovery by September 23, 2024. D.E. 81; R&R at 2. Instead of producing the discovery, Defendant Johns's counsel filed a letter on September 23, 2024, noting that he "ha[d] been in recent contact with Mr. Johns and [was] working zealously to provide a proper response" but required more time to provide the discovery. D.E. 84. After Plaintiff consented to Defendant Johns being permitted two more weeks to produce the discovery, D.E. 85, Judge Clark ordered Defendant Johns to produce all discovery by October 9, 2024. D.E. 86.

Defendant Johns did not produce the ordered discovery on October 9, 2024. R&R at 3. On that date, counsel for Defendant Johns represented to Judge Clark that he had "not been able to make contact with Mr. Johns" since October 1, 2024, D.E. 87, leading to Judge Clark directing counsel for Defendant Johns to "submit a letter detailing his efforts to contact Defendant Johns and obtain the discovery previously ordered by the Court" by November 1, 2024, D.E. 91. Defendant Johns's counsel submitted such a letter on that date, claiming to have been in contact with Defendant Johns—who he represented would "immediately provide all necessary documents"—and, yet again, requesting additional time to provide the discovery. D.E. 92.

Judge Clark subsequently issued an Order to Show Cause on November 5, 2024, ordering Defendant Johns to appear in person on December 2, 2024, before him and "show cause why his Answer in this matter should not be stricken for failure to abide by this Court's Orders or meaningfully participate in this litigation." D.E. 97. Judge Clark also required Defendant Johns to "provide a written submission setting forth any arguments as to why his Answer should not be stricken by November 25, 2024." *Id.* (emphasis omitted). Defendant Johns

failed to file the required written submission or appear at the December 2, 2024, hearing, though his counsel did appear at the hearing.  R&R at 3–4 & n.2.

Accordingly, on May 6, 2025, Judge Clark *sua sponte* issued the instant R&R, recommending that Defendant Johns's Answer be stricken and that default be entered against him. The R&R advised the parties that they were permitted to file objections to the R&R within fourteen days of its issuance.  R&R at 6.  On May 12, 2025, Leonard Leicht—co-counsel for Defendants Paradise Trips, LLC, Rush Enterprises, Inc., Rush Truck Leasing Inc. (the "Rush and Paradise Defendants")—filed a letter addressed to Judge Clark, which Mr. Leicht asserted was the Rush and Paradise Defendants' "Rule 72(b)(2) objection to [Judge Clark's] 'Report & Recommendation' of May 6, 2025."  D.E. 124 ("May 12 Objection").  On May 20, 2025, Plaintiff filed a responsive letter, arguing that the R&R should be adopted.  D.E. 125 ("May 20 Response to Objection").  On May 21, 2025, Mr. Leicht submitted a "supplemental Rule 72(b)(2) objection" addressed to the undersigned, attaching the May 12 Objection as an exhibit, as well as an email he had sent the previous day requesting dates for Defendant Johns's deposition.  D.E. 126 ("May 21 Supplemental Objection").  Plaintiff responded to this additional filing on May 22, 2025, contending that the Court should not accept the May 21 Supplemental Objection and further arguing that the R&R should be adopted.  D.E. 128 ("May 22 Response to Supplemental Objection").[1]

---

[1] Plaintiff maintains that the Court should disregard the May 21 Supplemental Objection because it was filed after the fourteen-day objection window established under Fed. R. Civ. P. 72(b)(2) and L. Civ. R. 72.1(c)(2).  May 22 Response to Supplemental Objection at 1.  Given that (1) it was filed just one day after the deadline, (2) Mr. Leicht appeared to have been confused about the procedure for objecting to the R&R (because he mistakenly addressed the timely-filed May 12 Objection to Judge Clark), (3) the May 21 Supplemental Objection adds very little additional information to the timely-filed May 12 Objection, and (4) most importantly, Plaintiff had the opportunity to respond to the May 21 Supplemental Objection, the Court will consider both the May 21 Supplemental Objection and the May 22 Response to Supplemental Objection.

## II.    LEGAL STANDARD

When a magistrate judge addresses a dispositive motion, including a *sua sponte* motion to strike an answer and enter default, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(a)(2).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation."  28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(c)(2).

If there has been a timely objection to the report and recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

Where no objection has been made to a report and recommendation within fourteen days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge).

Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

## III.    ANALYSIS

Plaintiff argues that the Court should review the R&R for (at most) clear error, rather than *de novo*, because Mr. Leicht's May 12 Objection and May 22 Supplemental Objection (collectively, the "Objections") are not sufficiently specific to trigger *de novo* review.  *See* May 20 Response to Objection at 2–3 & May 22 Response to Supplemental Objection at 2 (collectively, "Responses to Objections").  While the Objections themselves do not address the appropriate

standard of review, the Court will begin by explaining its decision to review the R&R *de novo*, before applying that standard of review and nevertheless concluding that adoption of the R&R is appropriate.

### A.    The Court Will Review the R&R *De Novo*

Plaintiff contends that that the Court need not review the R&R at all (but may review it for clear error) because the Objections are not sufficiently specific to trigger the requirement that the district court make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C). *See* May 20 Response to Objection at 2. While it is true that that district courts are not *required* to review a report and recommendation in the absence of objections, the Third Circuit has strongly advised district courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson*, 812 F.2d at 878. "Clear error" is the generally the level of review district courts apply in the absence of specific objections. *See, e.g.*, *Rosario v. Walmart, Inc.*, No. 23-2244, 2025 WL 295795, at *1 (D.N.J. Jan. 23, 2025). District courts, however, have the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation" regardless of whether objections (specific or not) are made to the report and recommendation. *Henderson*, 812 F.2d at 878 (quoting 28 U.S.C. § 636(b)(1)(C)). While the Objections here are—admittedly—limited, the Court will nevertheless exercise its discretion to review the R&R *de novo* because the Objections' assertions regarding Defendant Johns's (more recent) contact with Mr. Leicht are sufficiently relevant to Judge Clark's recommendation to strike Defendant Johns's Answer and enter default against him to warrant additional review.

### B.    The Court Will Adopt the R&R

Reviewing Judge Clark's conclusions *de novo* does not, however, counsel against adoption of the R&R, as the Court also finds that striking Defendant Johns's Answer and entering default against him is appropriate.

Federal Rules of Civil Procedure 16 and 37 authorize this Court to impose sanctions for a party's failure to comply with a court order and for failure to respond to discovery requests. *Dun & Bradstreet Corp. v. BizConnect Inc.*, No. 22-6896, 2024 WL 1007844, at *3 (D.N.J. Feb. 27, 2024) (citing *Walsh v. Ernie's Auto Detailing Inc.*, No. 20-17785, 2022 WL 18027856, at *3 (D.N.J. Nov. 30, 2022), *report and recommendation adopted*, 2022 WL 18027847 (D.N.J. Dec. 30, 2022)). District courts have "very broad discretion to use sanctions to ensure compliance with court orders." *Hepler v. Wetzel*, No. 18-446, 2020 WL 1952677, at *5 (W.D. Pa. Apr. 23, 2020) (citing *Miller v. Thompson-Walk*, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019)). Per Federal Rule of Civil Procedure 16(f)(1)(C), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), "if a party . . . fails to obey a scheduling order or other pretrial order." And pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a district court may order sanctions against a party if that party "fails to obey an order to provide or permit discovery." Among the "veritable arsenal of sanctions" provided in Federal Rule of Civil Procedure 37(b) is the Court's ability to strike pleadings in whole or in part or even enter default judgment against a "disobedient party." *Miller*, 2019 WL 2150660, at *9; Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

However, as Judge Clark explained, "where a sanction may 'deprive a party of the right to proceed with or defend against a claim,' courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction." R&R at 4 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)). Those factors are as follows:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

Judge Clark carefully analyzed each of the *Poulis* factors and concluded that they "weigh in favor of striking Defendant Johns's Answer and entering default against him." R&R at 4–6. The Court agrees.

### 1.    *Defendant Johns's personal responsibility*

As Judge Clark noted, it appears that Defendant Johns is solely responsible for his failure to comply with court orders and participate in this action. R&R at 4; *see generally* Objections (making no argument to the contrary). In fact, Defendant Johns's counsel, William Perrelli, has repeatedly represented to Judge Clark that he has made diligent attempts to contact Defendant Johns and secure his participation. *See supra* Section I. The Court therefore agrees with Judge Clark that "this factor weighs against Defendant Johns." R&R at 5.

### 2.    *Prejudice to Plaintiff*

Defendant Johns's repeated failure to comply with discovery orders over a period of many months, failure to appear at an order to show cause hearing, and repeated lapses in communication with his counsel, *see supra* Section I, have prejudiced Plaintiff's ability to continue prosecuting her case. As the Third Circuit has explained, "'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm'[—]the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). While the Rush and Paradise Defendants note that discovery unrelated to Defendant Johns is still ongoing, May 12 Objection at 2, Defendant Johns's failure to

produce the discovery he was ordered to produce nine months before Judge Clark issued his R&R and fourteen months before the issuance of the instant Order has impeded Plaintiff's ability to effectively prosecute this case. And even if the Court were to credit Mr. Leicht's assertion that Defendant Johns is prepared to sit for a deposition, May 20 Supplemental Objection at 1, Mr. Leicht makes no mention of the other outstanding ordered discovery, nor provides any additional information suggesting that Defendant Johns would in fact reliably participate in this action moving forward. *See* Objections. The Court accordingly agrees with Judge Clark that "this factor weighs in favor of striking Defendant Johns's Answer and entering default against him." R&R at 5.

### 3. *History of dilatoriness*

As Judge Clark aptly explained:

> Although Defendant Johns responded to Plaintiff's pleadings through his attorney, there is no indication that Defendant Johns has participated in discovery in this matter throughout its pendency. Defendant Johns was given multiple opportunities to produce the discovery ordered by the Court and has repeatedly failed to do so. Defendant Johns also failed to appear for the Order to Show Cause hearing on December 2, 2024.

R&R at 5; *see also supra* Section I.

"Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. . . . A history . . . of ignoring these time limits is intolerable." *Poulis*, 747 F.2d at 868. The Court will not tolerate Defendant Johns's history of dilatoriness here and thus agrees with Judge Clark that his history of "fail[ing] to participate in this matter supports striking his Answer and entering default against him." R&R at 5.

### 4. *Willfulness or bad faith*

The Court finds that Defendant Johns's conduct has been willful. As Judge Clark ably explained, "Defendant Johns willfully decided not to maintain continuous contact with his counsel,

participate in discovery or attend the Order to Show Cause hearing despite being warned of the consequences for failing to do so." R&R at 5; *see also Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 476 (D.N.J. 2008) (finding that defendants' failure to appear for conferences "demonstrates willfulness"). Moreover, neither Defendant Johns nor the Paradise and Rush Defendants have proffered excuses for Defendant Johns's dilatory conduct. *See Ware*, 322 F.3d at 224 (finding willfulness where "no excuse ha[d] been proffered for" the dilatory conduct). The Court therefore concludes, as Judge Clark did, that this factor further weighs against Defendant Johns. *See* R&R at 5.

### 5. *Effectiveness of alternative sanctions*

After considering the effectiveness of alternative sanctions before striking Defendant Johns's Answer and entering default against him, the Court concludes that no other sanction would be effective. Defendant Johns's "record of unresponsiveness suggests that alternative sanctions would be futile. Despite several chances, and despite warnings as to the consequences of [his] continued inaction, [Defendant Johns] ha[s] failed to participate in . . . the case." *Blue Star Equity Holdings, LLC v. All Med. Mgmt., LLC*, No. 22-5215, 2024 WL 4250546, at *3 (D.N.J. July 18, 2024), *report and recommendation adopted*, 2024 WL 4250596 (D.N.J. Aug. 13, 2024). As explained *supra* Section III.B.3, while the Objections assert that Defendant Johns is now prepared to sit for a deposition, the Objections do not suggest that Defendant Johns would also produce the remaining discovery that has been outstanding since (at the very latest) Judge Clark's August 7, 2024, order, nor is the Court satisfied that Defendant Johns would in fact sit for a deposition given his repeated failures to comply with discovery and his refusal to maintain communication with his counsel, *see supra* Section I. The Court must accordingly conclude, as Judge Clark did, that "no lesser sanction would be effective." R&R at 6 (citing *Joyce v. Cont'l Airlines, Inc.*, No. 09-2460,

2011 WL 2610098, at *2 (D.N.J. June 15, 2011), *report and recommendation adopted*, 2011 WL 2607110 (D.N.J. June 30, 2011)).

> 6.    *Meritoriousness of defenses*

The Court agrees with Judge Clark that this factor is neutral, as the Court is unable to determine the meritoriousness of Defendant Johns's defenses from his Answer. *See* R&R at 6. The neutrality of this factor is not dispositive, however. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint.").

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the Court agrees with Judge Clark that the *Poulis* factors weigh in favor of striking Defendant Johns's Answer and entering default against him. The Court will therefore **ADOPT** the R&R in its entirety. Accordingly,

**IT IS**, on this **10th** day of November 2025;

**ORDERED** that the R&R, D.E. 123, is **ADOPTED**; and it is further

**ORDERED** that Defendant Johns's Answer, D.E. 76, is **STRICKEN**; and it further

**ORDERED** that the Clerk of Court shall enter default against Defendant Johns pursuant to Fed. R. Civ. P. 55(a); and it is finally

**ORDERED** that Plaintiff may file a motion for default judgment once default is entered against Defendant Johns.

Evelyn Padin, U.S.D.J.